LYSANDER C. JACOBY *vs.* JOEL W. CROWE and others.

November 22, 1886.

**Purchase-Money Mortgage — Priority — Foreclosure. —** A "purchase-money" mortgage, executed at the same time with the deed of purchase, either to the vendor or to a third person who advances the purchase-money paid to the vendor, takes precedence of any other claim or lien arising through the mortgagor; following *Jones* v. *Taintor*, 15 Minn. 423, (512.) Consequently a purchaser at a foreclosure sale, under a power contained in the purchase-money mortgage, takes title free of any such claims or liens. In this case the foreclosure of the purchase-money mortgage, and the expiration of the period of redemption, extinguished all the estate or interest of the mortgagor, and consequently of all persons claiming under him.

**Trusts.—** The facts found by the court considered, and *held* not sufficient to create any trust in favor of the mortgagor in the premises, in the hands of one Cudworth, who bought from the purchaser at the foreclosure sale.

The plaintiff brought this action in the district court for Dodge county, to foreclose a real-estate mortgage executed by the defendant Joel W. Crowe to the plaintiff, joining as defendants the widow and heirs of one George Hollerith, the Springfield Savings Bank, Jane A. Cudworth, and others. Notice of *lis pendens* was filed against all the defendants. After the commencement of the action and the filing of such notice, Jane A. Cudworth transferred her interest in the land in controversy to Austin F. Kelley, who was substituted as a party defendant in her place. The action was tried before *Buckham,* J., who found the following facts:

On May 4, 1867, Hollerith, being the owner of a certain quarter-section, sold the same under a land contract to defendant Crowe, who thereupon entered into possession and so remained until after the purchase by the defendant Jane A. Cudworth hereinafter stated. On December 10, 1872, the defendant Crowe executed and delivered to the plaintiff a mortgage for $3,000 upon this quarter-section and other land, which mortgage was duly recorded on December 16, 1872.

George Hollerith died testate in 1869, having devised his estate to

his widow Franciska for life, with remainder to his children, and appointed his widow as sole executrix, who duly qualified as such.   By the terms of the contract between Hollerith and Crowe the purchase-money was to be paid in annual instalments of $100 each, on or before the first day of April in each year from 1868 to 1875, inclusive, and the residue of the purchase-money ($360) on or before April 1, 1876, with seven per cent. interest payable on April 1st in each year. On August 9, 1875, the probate court of Winona county in this state, after due notice to all parties interested, including plaintiff, and due proof made, authorized and directed the executrix to convey to Crowe the premises embraced in his contract with Hollerith, in accordance with such contract; and on September 7, 1875, the executrix executed a deed pursuant to the order, and deposited it with her attorneys for delivery to Crowe on his securing by mortgage the payment to her of the balance due on the contract.   On July 21, 1877, Crowe and wife executed and delivered to Franciska Hollerith individually a mortgage in the usual form, with full covenants and a power of sale, to secure the payment of $522 on October 1, 1877, that being the amount then due and unpaid on the contract between the testator and Crowe; and at the same time the deed of the executrix was delivered by her attorneys to Crowe.   This mortgage was recorded July 27, 1877, but neither the original contract nor the deed of the executrix was ever recorded.

At all times after her husband's death Franciska Hollerith knew of plaintiff's mortgage from Crowe and his claim thereunder.

Default having been made in the conditions of the mortgage from Crowe to Franciska Hollerith, a foreclosure under the power was made, and on January 3, 1880, the mortgaged premises were sold by the sheriff to Franciska Hollerith, who received the proper certificate, which was recorded the same day.   No redemption from this sale was ever made.   A few days after the expiration of the year for redemption Franciska Hollerith conveyed the premises to the defendant Jane A. Cudworth for $832, being the sum that would be required to redeem from the sale had the time for redemption not expired.   This purchase by Cudworth was made pursuant to a secret understanding and agreement between her and Crowe that the latter should allow

the period for redemption to expire without redeeming, and that she should afterwards purchase of Franciska Hollerith, securing the purchase-money by mortgage of the premises, which were then worth $2,500, and should hold the title so obtained in trust for Crowe.

Pending her purchase, the defendant Cudworth applied to the defendant Savings Bank for a loan of $1,500, which the bank (having learned of the deposit of the deed of the executrix) agreed to make on the security of the premises. On January 27, 1881, she executed and delivered to the bank a note for $1,500, with a mortgage on the premises to secure the same sum, which the bank on the next day placed on record. The bank's agent, accompanied by Crowe, (through whom, as her agent, the defendant Cudworth acted in all matters pertaining to her purchase and the obtaining of the loan from the bank,) then went to the office of Franciska Hollerith's attorneys, paid the purchase price of $832 to them, and obtained her deed. On the next day (January 29, 1881,) the deed was recorded, and the bank paid to Crowe for Cudworth the balance coming to her on the mortgage.

Neither the bank nor its agent, when making the loan or when taking the mortgage, had any knowledge or notice of any equities of plaintiff in the premises, or of the purpose for which they were conveyed to the defendant Cudworth, or of her understanding with Crowe, except so far as the law would imply such notice from the state of the county records and the facts attending the loan. No part of the mortgage debt has been paid to the bank.

As conclusions of law the court held that the mortgage of July 21, 1877, from Crowe to Franciska Hollerith was a purchase-money mortgage and took precedence of plaintiff's mortgage, and on its foreclosure and the failure of the parties entitled to redeem to make redemption within the time allowed by law, the title to the premises vested absolutely in the defendant Franciska Hollerith as purchaser at the foreclosure sale, free from the lien of plaintiff's mortgage, and passed by her conveyance to defendant Jane A. Cudworth, and to the Savings Bank as her mortgagee, and the defendant Kelley as her grantee, discharged of the lien of plaintiff's mortgage. And that in any case the Savings Bank was an innocent purchaser, not chargeable with notice of plaintiff's equities, and its mortgage would be en-

titled to priority over that of plaintiff. Judgment was accordingly entered in favor of plaintiff against Crowe for the sale of the land included in plaintiff's mortgage other than the quarter-section purchased of Hollerith, and in favor of the Savings Bank and Kelley. From this judgment the plaintiff appealed.

*Lloyd Barber*, for appellant.

*Robert Taylor*, for respondents.

MITCHELL, J. The mortgage from Crowe to Hollerith, being for purchase-money, and executed simultaneously with the deed of purchase, would, under a familiar rule, take precedence of the mortgage from Crowe to plaintiff, although the latter was executed and recorded first in point of time. • The same rule applies in a case where the mortgage is to another than the vendor, who actually advances the purchase money. Jones, Mortg. § 466; *Curtis* v. *Root*, 20 Ill. 518; *Jackson* v. *Austin*, 15 John. 477; *Bolles* v. *Carli*, 12 Minn. 62, (113 ;) *Jones* v. *Taintor*, 15 Minn. 423, (512.) Hence the suggestion of the appellant that the deed was executed by Hollerith as executrix, while the mortgage was taken back to her personally, is without force. Neither is the application of the rule affected by the fact that the Hollerith mortgage extended the time of payment of the purchase-money for a longer time and at a higher rate of interest than fixed in the original contract of purchase under which Crowe held the land at the time of the execution of the plaintiff's mortgage. Whether, if plaintiff had sought to redeem, and pay off Mrs. Hollerith, he would have been bound by the terms of the mortgage, or whether he could still have redeemed according to the terms of the original contract between Crowe and Hollerith, it is unnecessary to consider. It is enough to say that no such relief is, or ever has been, sought. On the contrary, plaintiff's contention is that the lien of his mortgage is prior to that of the Hollerith mortgage.

When the deed of purchase was delivered to Crowe and the Hollerith mortgage taken back, the whole of the purchase-money was overdue, and Crowe in default in the terms of his original contract, and hence his interest in the land, and the mortgage lien of plaintiff on this interest, liable to be wholly lost. Crowe could not have demanded a deed at all, except upon payment in full of the purchase-

money, and it was only in consideration of his giving back the mortgage that he obtained the deed at all.

Neither is there anything in the point made by appellant that the priority of a purchase-money mortgage can only be enforced in equity, and that the purchaser at a foreclosure sale, under a power in the Hollerith mortgage, took subject to plaintiff's mortgage. Hollerith's rights were not founded upon any mere equitable vendor's lien, but upon her mortgage. The purchaser at the foreclosure sale took whatever estate was covered by the mortgage; and the mortgage, being for purchase-money, and executed simultaneously with the deed of purchase, covered all that was conveyed by that deed.

It follows that, by the foreclosure of the mortgage and the expiration of the period for redemption, all estate or interest of Crowe in the premises, and with it the lien of plaintiff's mortgage, has been extinguished, unless preserved and continued by the following state of facts found by the trial court, to wit: That a few days after the expiration of the period of redemption Hollerith conveyed the premises to one Cudworth, (the mortgagor to the defendant bank, and the grantor of defendant Kelley,) for $832, being the amount due on the foreclosure, if the period of redemption had not expired; "that such purchase was made pursuant to a secret understanding and agreement between said Cudworth and defendant Crowe" that Crowe should allow the period of redemption under the foreclosure to expire, and that Cudworth should thereafter purchase the premises from Hollerith, securing the money therefor by mortgage on the premises, (which were worth $2,500,) and should hold any surplus secured under such mortgage, and the title so obtained, in trust for said Crowe, and for his use and benefit.

It will be borne in mind that plaintiff is here, not as a *creditor*, but as *purchaser*, seeking to establish and enforce a lien under his mortgage. Hence he is not in position to assert any interest in the premises which Crowe himself could not assert. While the findings are not explicit on the point, yet we infer and assume from them, as a whole, that the "secret understanding and agreement" between Cudworth and Crowe were purely verbal. The question, then, would seem to be whether the facts, as found, are sufficient to create a construct-

v.36m—7

ive trust in the land in favor of Crowe, within the doctrine of a line of cases of which *Ryan* v. *Dox*, 34 N. Y. 307, may be said to be the leading one. Without considering at length a question which is not discussed by counsel, and does not seem to have been called to the attention of the court below, we content ourselves with saying that, in our opinion, the facts found are not enough to create any such trust in favor of Crowe in the premises, even in the hands of Cudworth. The consideration paid to Hollerith for the purchase did not move from Crowe. It is not found that but for this understanding or agreement Crowe would have redeemed, or that he refrained from redeeming in reliance thereon. Neither is it found that Hollerith was a party to this understanding or agreement, or that she conveyed to Cudworth in pursuance of it, or that Cudworth was enabled to obtain the conveyance at all, or for a less price than she otherwise would. This reason, if sound, is conclusive in favor of both the defendant bank and the defendant Kelley.

But there is another reason why plaintiff can claim nothing, in any view of the case, as against the defendant bank. The bank is an innocent purchaser for value. The court finds that at the time of the execution of the mortgage to it the bank had no notice of plaintiff's equities, if any, in the premises, or of the purpose for which the same were conveyed to Cudworth, or of the understanding in reference thereto between her and Crowe, "except so far as the law would imply such notice from the state of the records, and the facts attending such loan." The records certainly did not convey to the bank any notice of any secret trust in favor of Crowe. True, they charged it with notice of plaintiff's mortgage, but at the same time disclosed the fact that the lien of that mortgage had been extinguished and cut out by the foreclosure of a paramount mortgage, and the expiration of the period of redemption.

The suggestion that Crowe's possession of the premises was notice can have no force, under the circumstances of this case. The bank had a right, under the circumstances, to suppose that Crowe's possession was subordinate to the right of Cudworth, who appeared by the record to have acquired Crowe's title under the foreclosure. Crowe, while thus in possession, not only made no claim adverse to Cud-

worth's title, but, on the contrary, as Cudworth's agent, negotiated and procured from the bank the loan on this mortgage. *Scott* v. *Gallagher*, 14 Serg. & R. 333, (16 Am. Dec. 508;) *Cook* v. *Travis*, 20 N. Y. 400; *Van Keuren* v. *Central R. Co. of N. J.*, 38 N. J. Law, 165; *Newhall* v. *Pierce*, 5 Pick. 450; *Bloomer* v. *Henderson*, 8 Mich. 395, (77 Am. Dec. 453;) *Dawson* v. *Danbury Bank*, 15 Mich. 489.

Judgment affirmed.