AMANDA GATES *vs.* JAMES H. EGE, Sheriff, *et al.*

Argued May 10, 1894. Affirmed June 12, 1894.

No. 8702.

**Redemption from foreclosure sale by a grantee of the mortgagor.**

In an action brought by plaintiff, as the owner of certain real estate, to redeem from a sale made upon the foreclosure of a mortgage, which was a first lien upon the premises, and also from a decree afterwards made in proceedings to enforce a mechanic's lien, it is *held* that, as it clearly appeared that plaintiff had permitted the year within which she

had the statutory right to redeem from the mortgage foreclosure sale to expire without redeeming, the complaint failed to state a cause of action.

Appeal by plaintiff, Amanda Gates, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made November 20, 1893, sustaining a demurrer to her complaint.

The defendants, James H. Ege, as Sheriff of Hennepin County, the Northwestern Mutual Life Insurance Company, the Chadbourn Finance Company and Daniel Fish, demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.    It stated among other facts that Jerome F. Tubbs owned lot twelve (12) in block ten (10) in Penniman's Addition to Minneapolis and on March 13, 1890, he and wife mortgaged it to Mary A. Topliff for $13,000 and on August 5, 1890, gave her a second mortgage thereon for $10,000.    On April 6, 1891, Tubbs and wife deeded the lot to Rushton M. Dorman and he on July 5, 1893, deeded to plaintiff.    Meantime, Mrs. Topliff foreclosed her second mortgage under a power of sale therein and bid in the property August 10, 1891, for $11,140.59.    She also foreclosed her first mortgage under a power of sale in it and bid in the property September 7, 1891, for the amount due thereon with attorney's fees and disbursements. Parties having mechanic's liens on the premises commenced proceedings to foreclose them.    These proceedings are stated in the opinion and in *Wentworth* v. *Tubbs*, 53 Minn. 338.    On April 30, 1892, judgment was entered adjudging Topliff's first mortgage to be prior to all other liens.    A part of Topliff's second mortgage and some of the mechanic's liens were declared coordinate and placed in a second class.    The balance of Topliff's second mortgage and others of the mechanic's liens were placed in a third class.    The remainder of the mechanic's liens and the liens of general judgment creditors were made fourth and fifth classes respectively, and a sale was ordered to satisfy the claims of the parties, such sale however to be made subject to the lien of the first mortgage and also to the right of Tubbs or his assigns to redeem within one year from the date of the confirmation of the sale under the judgment.    Subsequently, an execution was issued thereunder and on August 30, 1892, a sale was duly made to satisfy said judgment at which Wheaton & Reynolds became the purchasers of the equity of redemption from

the first mortgage, paying therefor $150, and on September 3, 1892,. this sale was duly confirmed by the court. On September 7, 1892,. Wheaton & Reynolds by reason of such purchase having become· creditors with a right to redeem from said first mortgage sale, filed' their notice of intention to redeem therefrom and did within the five· days allowed by statute redeem said premises, receiving the sheriff's certificate of redemption as creditors by reason of their being pur--chasers at the judgment sale.

On August 31, 1893, the plaintiff presented to the sheriff the deed to Dorman and his deed to her, and tendered to him $19,066.39 and claimed the right to redeem from the sale on foreclosure of the me-chanic's liens. The sheriff refused to take the money and declined to give a certificate of redemption on the ground that plaintiff being. a grantee of the land could only redeem within twelve months from: the day of sale on foreclosure of the first mortgage, that no proceed-ings or judgment in the action to foreclose the mechanic's liens had: enlarged the plaintiff's right of redemption. She thereupon brought the money into court and commenced this action to redeem. The· defendants demurred. The court sustained the demurrer and she· appeals.

*Merrick & Merrick* and *Welch & Welch,* for appellant.

The redemption of Wheaton & Reynolds from the first mortgage foreclosure sale on September 12, 1892, was but a payment of the· first mortgage and merged the first mortgage in their right as pur-chasers at the judgment sale. Wheaton & Reynolds being without right to redeem from the foreclosure at the first mortgage sale, were· compelled to redeem as such purchasers and the amount expended by them in such redemption became tacked to the amount paid by them at the judgment sale.

The redemption by Wheaton & Reynolds from the sale under the· first mortgage will be regarded as a payment, and the title obtained thereunder will be merged in the title of the purchaser at the judg-ment sale and will pass to the plaintiff who has the legal right to· redeem from that sale. This is the legal effect of their act because, having no legal rights as redemptioners they can claim no legal rights against plaintiff for the payment of the first mortgage, they

having paid the same voluntarily and for the purpose of defrauding appellant of her property. Any title they may claim to have obtained against the plaintiff by redemption of the first mortgage merged in the title obtained under the judgment sale. *Bunch* v. *Grave*, 111 Ind. 351; *Johnson* v. *Zink*, 51 N. Y. 333; *Montgomery* v. *Vickery*, 110 Ind. 211; *Mines* v. *Moore*, 41 Ill. 273; *Weiner* v. *Heintz*, 17 Ill. 259; *Robbins* v. *Swain*, 68 Ill. 197; *Russell* v. *Allen*, 10 Paige 249; *Tice* v. *Annin*, 2 John. Ch. 125; *Vanderkemp* v. *Shelton*, 11 Paige 28.

*James O. Pierce, H. D. Dickinson,* and *Lawler, Durment & Bigelow,* for respondents.

It appears distinctly by the complaint that long before the bringing of this suit all the right, title and interest of Tubbs, the former owner and of his vendees in or to the property had been completely divested. The sale under the foreclosure of the senior mortgage was made September 7, 1891. On September 7, 1892, no owner's redemption having been made, the title passed absolutely to the purchaser at the sale as against Tubbs and his vendees. This fact completely cuts off the present plaintiff, no matter who afterwards acquired the title. The acquisition of that title by the purchaser at that sale, was of course subject to the right of creditors to redeem, but that right could not in any manner inure to the benefit of the present plaintiff. *Pamperin* v. *Scanlan*, 28 Minn. 345; *Jacoby* v. *Crowe*, 36 Minn. 97; *Sprague* v. *Martin*, 29 Minn. 226; *Martin* v. *Fridley*, 23 Minn. 13; *Guilerier* v. *Brunelle*, 37 Minn. 71; *Abraham* v. *Holloway*, 41 Minn. 156.

The attempt is made in appellant's brief to put Wheaton & Reynolds in the position of having paid off the first mortgage. But this is to be done, first, against the will of Wheaton & Reynolds and without making them parties to the suit; and, second, in the face of their expressed intention to do otherwise.

COLLINS, J. Although a great number of facts are set forth in the complaint herein, to which a general demurrer was interposed and sustained, the few which are important and controlling are as follows: April 6, 1891, the premises in controversy were owned by

one Tubbs.   They were then subject to a first mortgage of date March 13, 1890, and a second of date August 5, 1890, in both of which one Topliff was the mortgagee; and were also subject to certain mechanics' liens.   August 10, 1891, the second mortgage was foreclosed by a sale under a power therein contained, the mortgagee, Topliff, becoming the purchaser.   September 7th of the same year the first mortgage was foreclosed by a sale under a like power, the same person, Topliff, becoming the purchaser.   July 8, 1891, an action was commenced by the proper parties against Tubbs and others to foreclose one of said mechanics' liens.   This action was consolidated with others of the same nature, so that prior to the entry of judgment a large number of parties, including the mortgagee and purchaser at the foreclosure sales, Topliff, were made defendants under the statute.   April 30, 1892, a decree was duly entered in that action, adjudging that the first mortgage was paramount and superior to all other claims and liens, and that the second mortgage was co-ordinate and equal to certain of the mechanics' liens; and further adjudging that the premises should be sold by the sheriff pursuant to law, and that Tubbs, or any one claiming under him, should have one year from the confirmation of the sheriff's sale to redeem therefrom.   August 30, 1892, the sale was had, one Wheaton and one Reynolds purchasing the property thereat, free and clear of all liens and incumbrances except the lien of the first mortgage.   This sale was confirmed by the court September 3, 1892, and the proper certificate of sale issued by the sheriff and delivered to the purchasers. September 7th Wheaton and Reynolds caused to be filed in the office of the register of deeds for the county in which the premises were situated a notice of their intention to redeem from the foreclosure sale made under the power contained in the first mortgage, claiming the right to make such redemption as purchasers at the sheriff's sale of August 30, 1892.   September 12th they made redemption as by law provided, receiving from the sheriff the prescribed certificate of redemption.   The certificates, issued to the purchasers at the mortgage foreclosure sales, and at the sale under the lien foreclosure proceedings, and that issued when redemption was made, were duly recorded.   It may be said, in passing, that redemption was made from Wheaton and Reynolds by one of the judgment creditors in the mechanic's lien action, and from him by a party who claimed to have the

right so to do as a mortgagee of Topliff's interest after the owner's right to redeem from the sale in foreclosure of the second mortgage had expired.

On the day first mentioned herein—April 6, 1891—Tubbs convey-ed the premises by deed to one Dorman, and on July 5, 1893, the lat-ter conveyed the same to this plaintiff. Both deeds were recorded August 31, 1893, and on the same day plaintiff tendered to defendant Ege, as sheriff, the amount paid by Wheaton and Reynolds at the lien foreclosure sale, with interest, the amount paid by them in re-demption from the sale in foreclosure of the first mortgage, with in-terest, and "out of excess of caution," as counsel puts it, an addi-tional sum, to cover, with interest, amounts which had been paid and were due to other pretended redemptioners, before referred to, and demanded that there be executed and delivered to her a certificate of redemption of said premises in due form, free and clear from all claims had or held thereto by the party who had taken a mortgage from Topliff, and had then redeemed from Wheaton and Reynolds, namely, the defendant Chadbourn Finance Company, and free and clear from all claims had or held by its mortgagee, defendant in-surance company. The sheriff refused to accept the tender or to execute and delive. the certificate of redemption, and this action is the result of such refusal.

With this statement of dominant facts, very little need be said in disposing of the appeal. The period within which the owner of real property may redeem from mortgage foreclosure sales made under a power is fixed by 1878, G. S. ch. 81, §§ 13, 14, at one year from the day of sale; and at the expiration of the year, no redemp-tion being made, the certificate of sale operates as a conveyance to the purchaser or his assigns of all the right, title, and interest of the mortgagor in the premises at the date of the mortgage. It has often been stated in the decisions of this court that the estate of the mortgagor, and of all persons claiming under him, is extinguish-ed by a foreclosure of the mortgage and a failure to redeem; that the interest acquired by a mortgagee who purchases at a foreclosure sale ripens into an absolute title at the end of the year, if there is no redemption; that the right given to creditors having a lien, legal or equitable, to redeem, begins after the title of the purchaser at the sale has become perfect and absolute as against the mortgagor or

his successors in interest; and that redemption by a creditor does not annul a sale, but appropriates the benefit of it to the redemptioner.

We need not discuss the effect of the owner's failure to redeem from the foreclosure of the second mortgage—the first foreclosure in point of time—within the year of redemption, which ended August 10, 1892, 20 days before the sale to Wheaton and Reynolds, for it does not seem important. There had been—September 7, 1891—a sale under a foreclosure of the first mortgage, which antedated and was prior and paramount to all other liens, at which sale the mortgagee, Topliff, was the purchaser, and duly received and recorded a certificate thereof. The year within which the owner of the premises could exercise the statutory right of redemption from the sale expired September 7, 1892, eight days after the sale to Wheaton and Reynolds, and but four days after the sale to them was confirmed by the court. The owner made no redemption from this mortgage foreclosure sale, so that, under the statute and the decisions referred to, whatever estate the mortgagor or any person claiming under him had in the mortgaged premises was wiped out and extinguished at the end of the year, even if it had not been when there was a failure to redeem from the earlier sale under the second mortgage. The interest acquired by the mortgagee as a purchaser at the foreclosure sale ripened into an absolute title as against Dorman, who then held a deed of conveyance from Tubbs, the mortgagor, when the year had elapsed without redemption. It was then that the right of creditors, legal or equitable, to redeem began; and, by redemption under the statute, the right of Dorman to redeem as owner, already extinguished, could not be revived.

We need not attempt to point out wherein the cases cited by plaintiff's counsel fail to establish their position that Dorman's right to redeem was in some manner revived by the redemption made September 12th by Wheaton and Reynolds. They either involve general equitable principles where there was no statute to govern, or are decisions upon statutes entirely unlike ours. Evidently none are in point here, unless we could in some manner, and in the face of undisputed facts, as well as the provisions of the statute, declare that Dorman's rights were not extinguished at the end of the year of redemption, and that the redemption by Wheaton and Reynolds

amounted to nothing more than the discharge of an incumbrance by payment of it by the persons holding the legal title.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 495.)