# ALBERT EPHRIAM JOHNSON v. ALBERT A. MELGES AND ANOTHER.[1]

May 22, 1925.

No. 24,628.

**Maker of invalid second mortgage estopped from disputing validity of redemption by its holder from foreclosure sale of first mortgage.**
Where a mortgagor fails to redeem from the foreclosure sale and the holder of a second mortgage redeems therefrom as a creditor and the purchaser at the sale acquiesces therein, the mortgagor cannot dispute the validity of such redemption, even if the second mortgage be invalid, as he has no interest in the property.

1. See Mortgages, 27 Cyc. p. 1822.

Action in unlawful detainer begun in the municipal court of Minneapolis and tried in the district court for Hennepin county before Nye, J., who rendered judgment in favor of plaintiff. Defendants appealed from the judgment. Affirmed.

*W. T. Coe,* for appellants.

*Tappan & Gallagher,* for respondent.

TAYLOR, C.

Defendants appeal from a judgment of the district court of Hennepin county decreeing that plaintiff is the owner in fee of the property known as No. 4035 Sheridan avenue South in the city of Minneapolis, and that he recover possession thereof from defendants.

Defendants owned the property subject to a mortgage of $5,000 held by Thorpe Bros. They executed a second mortgage of $3,600 to plaintiff. Two mechanics' liens were established against the property which were superior to plaintiff's mortgage but inferior to that of Thorpe Bros. Thorpe Bros. foreclosed their mortgage and bid in the property at the sale. Before the period for redemption expired they assigned the certificate of sale to plaintiff. Defend-

[1] Reported in 203 N. W. 983.

ants failed to redeem. Benjamin Lifson, to whom the judgments establishing the mechanics' liens had been assigned, redeemed as a creditor under such liens and received the usual sheriff's certificate of redemption. Plaintiff redeemed from Lifson as a subsequent creditor under his second mortgage and received the usual sheriff's certificate of redemption. Three months later Lifson executed a quitclaim deed of the property to plaintiff. Thereafter plaintiff brought this action.

Defendants do not question the validity of the foreclosure nor the regularity of the redemptions. They base their defense on the claim that the mortgage held by plaintiff was void for usury and gave him no right to redeem. They are not in position to attack the validity of his redemption. When the period for redeeming from the foreclosure sale expired, all the estate or interest which they had in the property terminated. Jacoby v. Crowe, 36 Minn. 93, 30 N. W. 441; Gates v. Ege, 57 Minn. 465, 59 N. W. 495. Their title passed to and vested in the purchaser at the sale, or his transferee, subject only to the right of redemption possessed by subsequent creditors. By Lifson's redemption, the title passed to and vested in him subject only to the right of redemption asserted by plaintiff. Lifson was the only person in position to object to the redemption by plaintiff. He waived any right he may have had to object to it, by accepting the redemption money and subsequently quitclaiming the property to plaintiff. Finnegan v. Effertz, 90 Minn. 114, 95 N. W. 762; Orr v. Sutton, 127 Minn. 37, 148 N. W. 1066, Ann. Cas. 1916C, 527; Grant v. Bibb, 129 Minn. 312, 158 N. W. 728.

The title acquired by plaintiff under his redemption is now beyond question, even if the mortgage had been usurious and void; but the court found as a fact that the mortgage was not usurious and this finding is justified by the record. Furthermore, even if plaintiff's redemption had been ineffectual, he would still be the owner of the property under the conveyance from Thorpe Bros. and from Lifson.

Judgment affirmed.