BERTHA REPENSIK v. CHARLES A. BERNICK AND ANOTHER.
VINCENT REPENSIK v. CHARLES A. BERNICK AND ANOTHER.[1]

May 22, 1925.

Nos. 24,580, 24,581.

**Damages not excessive.**

Verdicts for $250 and $1,000, for injury to husband and wife respectively, caused by reckless driving of defendants' motor truck, not excessive. [Reporter.]

1. See Damages, 17 C. J. p. 1091, § 408.

1. See note in L. R. A. 1915F, 30.

Two actions in the district court for Stearns county. The cases were tried together before Roeser, J., and a jury which returned a verdict in favor of plaintiff in each action. Defendants appealed from orders denying their motions for new trials. Affirmed.

*Barrows & Metcalf,* for appellants.

*Morphy, Bradford & Cummins,* and *R. B. Brower,* for respondents.

PER CURIAM.

Appeal from an order of the district court denying the motion of the defendants for a new trial in each of the above entitled actions.

Respondents are husband and wife. On July 4, 1923, they were riding in a Ford automobile, driven by the husband, along a state highway near Cable, in this state, in a northwesterly direction toward St. Cloud. Appellants owned a Reo speed truck, which weighed about two tons, and which was being driven by an employe of appellants in a southeasterly direction toward Minneapolis, along the same highway, that is, the cars were traveling toward each other. As the cars neared each other, the appellants' truck struck the car, in which respondents were riding, on the left

[1]Reported in 203 N. W. 983.

hand side, near the driver's seat, shoving it off onto the dirt shoulder on the east side of the pavement. The Reo truck was traveling 30 miles or more per hour, the Ford was going about 15 miles per hour.

As a result of the impact, the respondent, Mrs. Repensik was thrown out onto the pavement and so injured that she was picked up and taken to a hospital, where she remained for about two weeks. She did not speak for two days after the accident. There is testimony to the effect that since the accident she has been unable to do her housework as well as before; that before the accident she was a well woman; that she had never been sick, except that six years before she underwent an operation for a tumor, and that four years before the accident she had her tonsils removed, but that she had recovered from both operations; that after the accident she was sick, had pains through her body, head and side and that, at the time of the trial, she was nervous. The jury awarded her damages in the sum of $1,000.

The respondent was not thrown from the car, but remained at the wheel, lopped over the side of the car. He was taken to the hospital where he remained three days. At first the attending doctor thought him not seriously injured, but he did not appear to improve very fast. Later, a growth appeared at or near his left shoulder, which the doctor attributed to the accident. He was a paperhanger and decorator by trade. He could not use his left arm at his work to any advantage. He had been earning about $250 per month prior to his injury. At the trial he testified that he had then been unable to work at his trade for 11 months. The Ford car was so damaged that it was of but little value. It was of the value of about $500 before the accident.

The only question here for consideration, in either case, is the amount of the verdict. It is claimed on behalf of the appellants that the award of damages, in each case, is such as to indicate that they were rendered under the influence of passion and prejudice. A careful consideration of the entire record convinces us that the attitude of appellants is not well taken, and that the verdicts are not so large as to justify interference by this court.

Affirmed.