LOUIS HOSPES *vs.* EDWARD P. SANBORN, impleaded, etc.

May 20, 1881.

Foreclosure — Redemption by Creditor of Mortgagor's Grantee.—A creditor of a mortgagor's grantee, having a lien on the land mortgaged, has the same right to redeem from a foreclosure as though he were a creditor of the mortgagor.

Appeal by plaintiff from an order of the district court for Washington county, *Brill*, J., presiding, (acting for the judge of the first district,) sustaining defendant's demurrer to the complaint.

*J. N. & I. W. Castle*, for appellant.

*John B. & W. H. Sanborn*, for respondent.

GILFILLAN, C. J. On the 8th day of March, 1877, one Foss, owning certain real estate in the city of Stillwater, executed a mortgage thereon to plaintiff, with the usual power of sale. This mortgage the plaintiff proceeded to foreclose under the power. Before the time to redeem from the mortgage sale expired, Foss conveyed the real estate to defendant Ames. Soon thereafter, and within the time to redeem, a judgment in favor of defendant Sanborn against Ames was docketed in the county. After the expiration of the twelve months allowed the mortgagor, and within the time allowed for lien creditors to redeem, Sanborn, having previously filed the notice of his intention required by statute, redeemed from the sale,

as a lien creditor, by paying the money to the sheriff, and receiving from him the usual certificate of redemption, which was recorded.

The sole question in this case is, had Sanborn a right to redeem as a creditor having a lien? The statute gives the right of redemption —*First*, to the mortgagor, his heirs, executors, administrators or assigns, (Gen. St. 1878, c. 81, § 13;) *second*, "if no such redemption is made, the senior creditor having a lien, legal or equitable, on the real estate, or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of the said twelve months, and each subsequent creditor having such lien, within five days after the time allowed all prior lienholders as aforesaid, may redeem." Section 16.

The plaintiff claims this should be construed as though it read "the senior creditor of the mortgagor," and "each subsequent creditor of the mortgagor," making the creditor's relation to the mortgagor personally, and not his relation to the land sold, the basis of the right to redeem. It would be a sufficient answer to this to say that the statute does not so read, and therefore should not be so construed, and that, by its terms, the statute has in view the party's relation and interest in respect to the land, and not in respect to any particular person. The spirit and reason of the statute accord with its terms. The right of redemption is given to a creditor, because the land is security for his debt, and without such right the security, and perhaps the debt, might be wholly lost to him. This reason applies with as much force to a creditor of a mortgagor's grantee as to a creditor of the mortgagor. The question, although perhaps not so sharply presented in that case as in this, was decided in *Willis* v. *Jelineck*, 27 Minn. 18, in which the right of a creditor, in the position of the defendant Sanborn, to redeem was affirmed.

Order affirmed.