JOHN I. BUETTEL vs. GEORGE A. HARMOUNT, impleaded, etc.

July 3, 1891.

Foreclosure—Sale of Entire Lot—Redemption by Owner of Undivided Half.—An owner of an undivided half of a lot or tract of land sold under mortgage foreclosure can only redeem his share by redeeming the entire estate mortgaged.

Same—Annulment of Sale.—The effect of such redemption is to annul the sale as to the whole tract.

Same—Lien of Redemptioner for Reimbursement by Cotenant.—Such redemptioner is entitled to be reimbursed for the amount which he is compelled to advance for the protection of the estate, and he has a lien, in the nature of an equitable mortgage, therefor, upon the undivided half not owned by him, which is superior to a second mortgage made by his cotenant.

Same—Injunction to Protect Lien from Foreclosure of Second Mortgage by Cotenant.—And where the title of such redemptioner, and his certificate of redemption of record, clearly show his rights and superior equity, an injunction restraining the foreclosure of such second mortgage is unnecessary for his protection, and should not be granted.

Appeal by defendant Harmount (impleaded with Paul Sharvey, sheriff) from an order of the district court for St. Louis county, *Stearns*, J., presiding, granting a temporary injunction to restrain foreclosure by advertisement of the mortgage from Franklin R. Anson to defendant Harmount, which is considered in the opinion.

*White, Reynolds & Schmidt,* for appellant.

*Cash & Williams* and *John Jenswold, Jr.,* for respondent.

VANDERBURGH, J.   It appears from the complaint that plaintiff and one Anson were grantees of the land described therein, subject to a mortgage for $2,000, and interest, which had been executed by their grantor, Benjamin F. Smith, to one Davis.   Thereafter, on the 19th day of June, 1889, Anson mortgaged his undivided half-interest in the premises to the defendant, Harmount, subject to the first-mentioned mortgage.   Subsequently the first mortgage was foreclosed by the assignee thereof, and the mortgaged premises bid off and purchased by him on the 31st day of December, 1889.   It is further shown that Anson took no steps to redeem the premises, and that the plaintiff, as owner of an undivided half thereof, was compelled to, and did, redeem the whole thereof on the 30th day of December, 1890, and received a certificate of redemption, which was duly recorded.   The defendant Harmount, the second mortgagee, has never redeemed or offered to redeem any interest in the premises from the plaintiff, and is about foreclosing his mortgage upon the premises described therein, (being Anson's moiety,) and has advertised the same for sale thereunder.   The answer of Harmount admits that no redemption has been made by him, and admits that the undivided half of the premises covered by his mortgage is subject to the payment of one-half of the amount paid by plaintiff for the redemption of the premises.   Plaintiff therefore asked for and obtained an injunction restraining the foreclosure sale under defendant's mortgage, on the ground that plaintiff's title had become absolute, and discharged from the lien of defendant's mortgage, by virtue of his redemption, and that defendant's foreclosure would cloud his title.   He claims the title to Anson's undivided interest was lost, because neither he nor his assigns redeemed within the year; that his redemption annulled the sale as respects his half only; but that he acquired the same title to Anson's half that the purchaser at the first mortgage sale had.

If this position is tenable, then the plaintiff's title to the entire property has become absolute, and he is entitled to his injunction. But it is not tenable.   The mortgagee holds the entire estate in pledge until he receives payment of the entire debt.   The mortgage or interest of the purchaser upon foreclosure is to be redeemed as an

entirety or not at all. The plaintiff could not redeem his undivided interest only. He could only redeem his share by redeeming the whole estate, and the effect was to annul the sale completely. Such redemption stands on the same footing as redemptions from taxes or tax-sales. He is entitled to be reimbursed for the amount which he is compelled to advance for the protection of the estate, and he has a lien, in the nature of an equitable mortgage, on Anson's interest, for one-half the redemption money, with interest. *Titsworth* v. *Stout*, 49 Ill. 78; *Moon* v. *Jennings*, 119 Ind. 130, (20 N. E. Rep. 748; 21 N. E. Rep. 471;) *McLaughlin* v. *Curts*, 27 Wis. 644, 649; Thomas, Mortg. (2d Ed.) § 585; 2 Jones, Mortg. § 1063. As respects Anson and his assigns, his interest was the primary fund for the satisfaction of his liability upon the first mortgage, and plaintiff's lien is superior to that of the defendant's (Harmount's) mortgage. The latter is entitled to redeem from plaintiff, and his foreclosure sale must be subject to plaintiff's lien. Under the circumstances, the better practice would have been to make plaintiff a party to his foreclosure action, and adjust their respective claims in the judgment. *Foster* v. *Johnson*, 44 Minn. 290, (46 N. W. Rep. 350.) The rights and remedies of the parties are entirely clear. Plaintiff's title and equities appear of record, and, as suggested by his counsel, the certificate of redemption of record fully shows the nature and extent of his rights. The injunction is unnecessary for his protection.

Order reversed.