FERDINAND F. FRITZ v. JULIA RAMSPOTT.

June 9, 1899.

Nos. 11,600—(140).

### Partition—Tenants in Common.

R., the owner of a lot, mortgaged it to secure his debt. He afterwards married J., and he and she executed a warranty deed of the lot to M., who executed a like deed of it to them. The mortgagee afterwards foreclosed his mortgage, and received the usual sheriff's certificate of sale. J. duly redeemed the lot from the foreclosure sale, taking the certificate of redemption in her own name. She also paid taxes on the lot. The mortgage, the deeds, and the certificates were all duly recorded. Afterwards R. and J. were divorced, and he conveyed his moiety to the plaintiff by warranty deed, who brought this action against J. for partition. *Held*:

### Lien for Taxes, etc., Paid.

1. That, as between R. and J., she had an equitable lien upon his moiety of the lot for one-half of the taxes paid, and one-half, and no more, of the amount paid to redeem the lot.

### Notice.

2. That the record was constructive notice to the plaintiff of defendant's equitable lien for the half of the amount paid for the redemption, but not of her equities as to the taxes paid.

### Bona Fides—Burden of Proof.

3. That the burden was on the plaintiff to prove that he was a bona fide purchaser of his moiety, for value, without notice; that the deed alone was not sufficient for that purpose; and further that, failing to establish the fact that he was a purchaser without notice and for value, he took his title subject to the defendant's equities as to taxes paid, as well as the amount paid on the redemption.

### Lien for Moiety of Payments.

4. That the trial court erred in adjudging a lien on the plaintiff's moiety for the full amount paid by defendant on redemption.

Action in the district court for Blue Earth county for partition. The case was tried before Severance, J., who found substantially in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Modified.

*Wm. F. Hughes* and *W. R. Geddes*, for appellant.
*Lorin Cray* and *Pfau & Pfau*, for respondent.

START, C. J.

This is an action for partition of a lot in the city of Mankato.

The facts, as found by the trial court and as appear from the undisputed evidence, are these: The plaintiff and defendant each own in fee an undivided one-half of the lot, which is so situated that actual partition thereof cannot be made without great prejudice to the owners. On June 12, 1889, the then owner, Frederick Kron, conveyed the lot by warranty deed to August Ramspott, and on the same day the latter, who was then unmarried, executed a mortgage on the lot to the former to secure the payment of $500. Afterwards, and prior to April, 1893, August Ramspott and the defendant, Julia Ramspott, were married; and on February 13, 1897, they were divorced on her complaint. On April 28, 1893, August Ramspott and the defendant, then his wife, executed a warranty deed of the lot to Philip Malzahn, who on January 8, 1894, executed a warranty deed of the lot to August Ramspott and the defendant. The mortgagee, Frederick Kron, foreclosed his mortgage, and on March 22, 1895, purchased the lot at the foreclosure sale for $301,—the amount due and unpaid on the mortgage, including costs of foreclosure,—and received from the sheriff the usual certificate of sale. The defendant on March 20, 1896, redeemed the lot from the foreclosure sale, her husband having refused so to do. She necessarily paid to the sheriff, to make such redemption, the sum of $322.07; and the sheriff executed to her, and in her name, the usual certificate of redemption. No part of the debt secured by the mortgage was the debt of the defendant, but the whole thereof was the debt of her husband. The mortgage, the deeds, and certificates of sale and redemption were duly recorded in the office of the register of deeds for the proper county on or prior to March 21, 1896.

At the time the defendant redeemed the lot, she was in possession thereof as her homestead, and she has ever since so remained in possession of it. She paid $27.46 taxes on the whole lot for the years 1894 and 1895. The defendant recovered certain judgments

against August Ramspott, which became a lien on his undivided half of the lot before he sold it to the plaintiff. Three days after the divorce was granted, and on February 16, 1897, August Ramspott, by warranty deed with an expressed consideration of $500, conveyed his undivided interest in the lot to the plaintiff. Other than this, there is neither finding nor evidence that the plaintiff ever paid anything for the undivided half of the lot, or that he purchased it in good faith, without notice of the defendant's equitable liens thereon. The defendant has never been reimbursed for any part of the amount she paid to redeem the lot, nor for the taxes thereon, nor have the judgments been paid.

The trial court found, as conclusions of law, that the defendant was entitled to a specific lien on the plaintiff's half of the lot for the full amount paid to retain the lot, and for one-half the amount paid for taxes; that the lot be sold, and that, after paying the expenses of sale and costs of the action from the proceeds of the sale, one-half of the balance be paid to the defendant; and further that out of the other half she be paid the whole amount paid on the redemption, one-half of the amount paid for taxes, and the amount of the judgment liens, and that the residue be paid to the plaintiff. The plaintiff appealed from an order denying his motion for a new trial.

No question is made by the plaintiff as to the judgments, but he claims that he was a bona fide purchaser of his undivided half of the lot, for value, and without notice of any equitable lien thereon in favor of the defendant, and that in no event is she entitled to such a lien for more than one-half of the amount paid to redeem. The plaintiff is not in a position to assert the rights and equities of a bona fide purchaser without notice. The record when he became a purchaser was constructive notice of the defendant's equitable lien on the undivided half of the lot of his grantor, to the extent of one-half of the amount paid by defendant to redeem the lot from the mortgage foreclosure sale. An examination of the record title at the time August Ramspott conveyed his undivided one-half of the lot to the plaintiff would have disclosed the existence of the lien of the mortgage upon the entire lot, its foreclosure, and a redemption by one of the tenants in common. These are the facts from which

spring the defendant's equitable right to be subrogated to the lien of the mortgage on the interest of her co-tenant in the lot.    2 Jones, Mortg. § 1063.

The record, however, was not notice to the plaintiff of defendant's equities growing out of the fact that she had paid the taxes on the lot.    Therefore, if the plaintiff is in fact a purchaser for value, without notice, it was error to make any part of the amount paid for taxes a charge on his share of the lot.    Welch v. Ketchum, 48 Minn. 241, 51 N. W. 113.    But there is neither a finding that the plaintiff was a purchaser for value without notice, nor any evidence in the case which would justify such a finding.    The burden was upon the plaintiff to prove affirmatively that he was a bona fide purchaser for value, and without notice of the defendant's equities. Minor v. Willoughby, 3 Minn. 154 (225); Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122; Plymouth Cordage Co. v. Seymour, 67 Minn. 311, 317, 69 N. W. 1079; Mead v. Randall, 68 Minn. 233, 71 N. W. 31.    The only evidence offered by the plaintiff with reference to his purchase of the undivided half of the lot was a warranty deed reciting a consideration of $500.    This was not sufficient to establish the fact that he was a bona fide purchaser without notice and for value.    It follows that, in giving effect to the defendant's equities in the premises, the plaintiff is to be regarded as standing in the shoes of his grantor, August Ramspott, and that the defendant is entitled to an equitable lien on the plaintiff's share of the lot for one-half of the amount of the taxes paid on the common property for its protection.

The trial court gave the defendant a lien on the plaintiff's moiety for the whole amount paid by her to redeem the lot.    Her counsel claims that this was correct, because the mortgage debt was the sole debt of the plaintiff's grantor; but when the mortgage was made, and became a lien on the entire lot, he was the absolute owner of the whole lot.    His property, not the defendant's, was pledged for the payment of his debt; and, when the lot was conveyed to the defendant and her husband, each became the owner of an undivided one-half thereof, subject to the mortgage.    There was neither a finding nor proof of any facts to establish any equity in

favor of the defendant to have, as between her and her husband, the whole mortgage debt paid from his moiety. The fact that the deed of the lot to her and her husband was a warranty deed does not affect the question, for her grantor's title rested upon her and her husband's previous warranty deed to him. It was therefore error for the trial court to direct the whole amount paid for the redemption of the lot to be paid to the defendant from the plaintiff's share of the proceeds of the sale of the lot directed by the court. There is no other error in the record.

Therefore it is ordered that this case be remanded, with directions to the district court to amend its conclusions of law so as to make the defendant's lien on the plaintiff's moiety of the lot one-half of the amount paid on the redemption, and interest thereon, and that the amount of the lien be paid from the plaintiff's share of the proceeds of the sale.