ADONIRAM CLARK v. CHARLES BUTTS and Others.

December 15, 1899.

Nos. 11,912—(85).

### Deed—Finding Sustained by Evidence.

The evidence *held* sufficient to justify a finding that a deed contained the name of a grantee when it was executed by the grantor.

### Name of Grantee—Evidence of Grantor—Absence of Deed.

Where the issue is as to whether a deed contained the name of a grantee when delivered, the testimony of the grantor as to the fact is competent, although at the time of testifying the deed was not presented to the witness for inspection; there being no dispute as to the identity of the deed referred to.

### Redemption by Owner.

Where the owner of premises assumes to redeem them as creditor under a judgment against a former owner, in law the redemption will be one by an owner, and not by a creditor, and its legal effect will be to annul the sale from which the redemption is made.

Action in the district court for Ramsey county to determine adverse claims. The question whether the deed, referred to in the opinion, contained, when signed and acknowledged, the name of Charles Butts as grantee was submitted to a jury, which found in the affirmative. The other facts and issues were determined by the court, Otis, J., who adopted the verdict, and found as conclusions of law, among other things, that the redemption by defendants Butts and Jaques was valid and operative as a redemption by them as owners, and not as judgment creditors, and that the foreclosure sale was thereby annulled; and that plaintiff had no title or estate in the premises, but had a lien by virtue of his mortgage for the amount remaining due thereon. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, de-

fendants Butts and Jaques, and defendant Browning, who claimed under them, appealed.    Affirmed.

  *Walter L. Chapin*, for appellants.

  *How & Butler*, for respondent.

MITCHELL, J.

  This case was before us on a former appeal, and most of the questions involved were settled by the decision then rendered, to which reference is here made for a statement of the facts.   Clark v. Butts, 73 Minn. 361, 76 N. W. 199.   On the first trial the court below found that the deed from the Watermans, executed in September, 1892, did not, when delivered, contain the name of any grantee, and this court held that it was error, upon this state of facts, to hold that the deed conveyed the land to Butts; that a deed executed in blank as to the grantee is, as between the immediate parties, of no force or effect.   On the second trial the court ordered the following specific question of fact to be tried by a jury, viz.:

  "Did the paper writing marked 'Plaintiff's Ex. F.' [the deed in question], at the time it was signed and acknowledged by Elizabeth J. Waterman, contain the name of Charles Butts as grantee?"

  The jury answered the question in the affirmative, and the court adopted this answer as a finding in the case, and further found that at the time of its delivery the deed was in the same condition as when signed and acknowledged by Mrs. Waterman.   The importance of this finding lies in the fact that it follows from it, as a conclusion of law, that Butts and Jaques redeemed as owners, and not as creditors, and their redemption annulled the foreclosure sale, instead of operating as an assignment of the rights acquired under it.   The principal question on this appeal is whether the evidence justified the finding.

  A brief history of the transaction may not be out of place:   The Watermans and their co-tenant, George, had executed a mortgage on the premises to the plaintiff to secure $3,500 and interest.   The plaintiff had unwisely foreclosed this mortgage merely for an instalment of interest amounting to something over $200, and at the sale the property had been bought by one Wilmot for that amount. Prior to the expiration of the period for redemption, Mrs. Water-

man, who in the meantime had become the owner of the undivided half of the premises formerly owned by her husband, agreed to sell her equity to Butts and Jaques for $400, out of which was to be deducted $204, which her husband owed them on a promissory note, the balance to be paid her in cash. In pursuance of this agreement she executed and delivered to Butts the deed in question, and Butts and Jaques paid her the $196. But it being a part of the plan or scheme of Butts and Jaques to put themselves in a position to redeem as creditors, and thus extinguish the lien of plaintiff's mortgage, it was part of the agreement between them and Mrs. Waterman that they should retain the note referred to, bring suit upon it against her, and that she should permit them to obtain judgment upon it, so that they might use the judgment for the purpose of redeeming the land. They obtained the judgment as agreed, and it was upon this judgment that they claimed to redeem.

The most hotly contested question on the trial was whether, when the deed from Mrs. Waterman was delivered to Butts, it contained his name as grantee, which had been subsequently erased or obliterated, or whether the place for the name of the grantee was blank. As the sufficiency of the evidence to support the finding of the court and jury is purely a question of fact, it would subserve no good purpose as a precedent to discuss the evidence at length. Moreover, the evidence is so voluminous, and contains so many facts and circumstances bearing collaterally upon the issue, by way of corroborating or refuting the contentions of the respective parties, that anything like a full discussion and analysis of it would be impossible,—at least, within any reasonable space. We must therefore content ourselves with saying that we have carefully read and considered the entire record, and have come to the conclusion, although not without some hesitancy, that the evidence fairly made a case for the jury, and that we would not be justified in disturbing their verdict, especially in view of the fact that the learned judge who presided at the trial has refused to do so, and that the case, in some of its aspects, was one where the appearance of the witnesses and their manner of testifying on the stand might properly be entitled to considerable weight.

2. Mrs. Waterman being a nonresident of the state, her testi-

mony was taken by deposition, both parties appearing and taking part in her examination. The gist of her testimony was that the name of Butts was inserted as grantee before she executed and delivered the deed in question. When her deposition was offered on the trial, her testimony as to the condition and contents of the deed when delivered was objected to on the ground that the instrument was not produced and exhibited to her at the time she was giving her testimony, and that no notice had been served on the defendants to produce it for that purpose.

We are not aware of any rule of evidence requiring this to be done in cases of this kind, nor have we been referred to any authority so holding. Oral evidence is admissible to prove the alteration of an instrument, and, when the issue is whether an instrument has been altered after execution, it is, generally speaking, competent to introduce the testimony of those who read and examined it at the time of its execution, or at any time when it was in a condition different from its present one. The fact that the witness has the instrument before him for inspection at the time he is giving his testimony may refresh his memory, and thus add weight to his evidence; but this, as a general rule, goes to the weight, and not to the competency, of his testimony. Where experts are called to give an opinion, based on the present condition and appearance of an instrument, as to whether or not an alteration has been made in the writing, it may be necessary, from the very nature of the evidence, that the instrument should be presented for the inspection of the witness while testifying; but that is not this case. What Mrs. Waterman testified to was as to her reading the deed at the time she executed it, and seeing in it the name of Butts as grantee, and as to the nature and terms of the transaction between her and Butts and Jaques, as corroborative circumstances. There could have been no surprise on the part of the defendants. This very issue as to whether this deed was in blank when delivered had been hotly contested on the first trial, and the defendants must have known that the deposition was to be taken on this very issue. They had the deed in their possession, and yet went to Milwaukee to participate in the examination without taking the deed with them.

3. The last point urged is that, even conceding that the instru-

ment was a full and operative deed when delivered, yet, inasmuch as Butts and Jaques assumed to redeem under their judgment as creditors, and not as owners, and as Wilmot was satisfied with the redemption, and treated it as having been made under an established lien by accepting the redemption money, therefore the court should treat it as a redemption by creditors, and not by owners. It is undoubtedly true that Wilmot, the holder of the certificate of sale, had by his conduct accepted and ratified the act of Butts and Jaques as a valid redemption, but the capacity in which they redeemed, and the effect of their redemption, depended on their actual relations to the title of the property, and not on their intention or upon Wilmot's belief. The capacity in which they assumed to redeem was a matter of indifference to the holder of the certificate, if he saw fit to acquiesce in the redemption. If Butts and Jaques were in fact owners, then, in legal effect, they redeemed as owners, whatever their intentions may have been to the contrary, and the legal effect of the redemption was to annul the foreclosure sale. The fact that plaintiff's right of redemption as mortgagee may have expired did not change the result.

Order affirmed.