W. J. POWERS and Another v. JAMES SHERRY and Others.[1]

July 28, 1911.

Nos. 17,155—(221).

**Execution — redemption by creditor.**
    Where an entire tract of land has been sold at a foreclosure or execution

[1]Reported in 132 N. W. 210.

sale, a creditor having a lien on a part only of the tract may redeem the whole thereof, and be subrogated thereby to the rights of the purchaser at such sale, which is not annulled by the redemption.

**Redemption by owner of part of tract sold.**

Where, however, a party has no lien on any part of such tract, but owns a separate part thereof, or has some interest therein, he may redeem the whole tract as owner. Such redemption annuls the sale, but he is entitled to a lien in the nature of an equitable mortgage on the part not owned by him for the amount necessarily paid to redeem, if the whole of the original lien was, as to him, equitably chargeable to that part of the tract; otherwise, for an equitable pro rata share of the amount he was compelled to pay to protect his own estate.

Action in the district court for Itasca county to determine adverse claims to certain vacant and unoccupied land. In their answer defendants Sherry admitted that on July, 1898, James Sherry was the owner of the land described, except one "forty," of which he owned an undivided one-half interest, and denied the other allegations of the complaint. Defendant Bunnell, in his answer, set up the facts stated in the opinion, alleged that by the redemption by Carroll and Dodson the execution sale was annulled and the redemptioners became entitled to claim of contribution against the subsequent judgment creditors of defendant Sherry for the money paid by them on such redemption of the tracts not owned by them, and prayed that the court would determine the amount of the contribution, the amount and order of precedence of all judgment liens, and set a reasonable time within which contribution might be made by the different lienholders and, in the event of their refusal or failure to make such contributions, that thereupon their lien against the land might cease.

The case was tried before Wright, J., who made findings and as conclusion of law ordered judgment in favor of defendants. From the judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*Thwing & Rossman,* for appellants.

*John A. Roeser,* for respondents Sherry and Bunnell.

*C. C. McCarthy,* for respondent Becker.

START, C. J.

Action to determine adverse claims to two hundred forty acres of vacant and unoccupied land in the county of Itasca, which the complaint alleged the plaintiffs owned. The defendants Sherry answered denying plaintiffs' alleged title, and the defendant Bunnell by his answer asserted a lien on the land by virtue of certain judgments. The cause was tried by the court without a jury, and upon the facts found judgment was ordered for the defendants, that the plaintiffs were not entitled to the relief prayed for in their complaint. Judgment was so entered in the district court of the county of Itasca, from which the plaintiffs appealed.

The facts are these: On July 25, 1900, the defendant James Sherry was the owner of the whole of the land, subject to a lien of a judgment thereon for $573.35 in favor of A. P. White and on November 24 next thereafter he conveyed forty acres thereof to George McAllister by quitclaim deed, which was duly recorded on the same day. On January 2, 1902, McAllister conveyed the forty acres to E. T. Carroll and T. R. Dodson by quitclaim deed, which was duly recorded August 22, 1903. On February 25, 1901, a second judgment against Sherry was duly docketed, which was duly assigned to the defendant Bunnell before the commencement of this action. On March 1, 1902, a third judgment against Sherry was duly docketed, which was also assigned to Bunnell. On June 7, 1904, a fourth judgment against Sherry and in favor of the plaintiffs was duly docketed. On June 20, 1906, a fifth judgment against Sherry in favor of John N. Sayers was duly docketed. On January 14, 1907, a sixth judgment against Sherry in favor of the defendant Bunnell was duly docketed. On August 29, 1907, a seventh judgment against Sherry in favor of Thomas K. Gray was duly docketed. Each of the several judgments became a lien on the two hundred acres in the order stated.

On February 24, 1908, the whole two hundred forty acres were sold as one tract, there being no bidders for the tracts when first offered separately, to A. L. Thwing, on execution issued on the White judgment, in full satisfaction thereof, and the usual certificate of sale executed and recorded. On February 24, 1909, the defendant Bunnell duly filed three notices of his intention to redeem, as creditor, the

land from the execution sale, by virtue of his three judgments against Sherry. On the same day the plaintiffs duly filed a notice of their intention to redeem from such sale as creditors, by virtue of their judgment against Sherry. On the same day Carroll and Dodson, as owners of the forty acres, redeemed the whole of the land from such execution sale, and the sheriff executed to them the usual certificate of redemption. The plaintiffs, on March 11, 1909, claiming as creditors by virtue of their judgment and notice, in form redeemed the land from Carroll and Dodson, and paid to the sheriff the amount necessary for that purpose. The money was accepted by the sheriff, who executed to them the usual certificate of redemption, and paid the money to Carroll and Dodson, who accepted and retained it. The defendant Bunnell at no time offered to redeem from the execution sale.

The assignments of error raise the single question whether these facts sustain the conclusion of law and the judgment. A solution of the question depends upon the effect of the redemption made by Carroll and Dodson. They were equitably entitled to have had the tracts of land—that is, the two hundred acres and the forty acres, upon which the White judgment was a lien—sold on execution in the inverse order of alienation; but the fact that this was not done did not defeat their right, upon redeeming the entire tract from the execution sale, to an equitable lien on the part thereof retained by Sherry for the amount paid on redemption. Clark v. Kraker, 51 Minn. 444, 53 N. W. 706.

The fact that they acquired title to the forty by quitclaim deed does not defeat or impair such right; for under our statute (R. L. 1905, § 3340) a quitclaim deed is as effectual to convey all of the estate of the grantor as a deed of bargain and sale. Mueller v. Jackson, 39 Minn. 431, 433, 40 N. W. 565.

It is well settled in this state that, where an entire tract of land has been sold at a foreclosure or execution sale, a creditor having a lien on a part only of the tract may redeem the whole thereof, and be subrogated thereby to the rights of the purchaser at such sale, which is not annulled by the redemption. Martin v. Sprague, 29 Minn. 53, 11 N. W. 143; O'Brien v. Krenz, 36 Minn. 136, 30 N. W. 458.

Where, however, a party owns a part of an entire tract of land, or has some interest therein, which has been sold on foreclosure or execution sale, he may redeem the entire tract as owner. Such redemption annuls the sale, but he is entitled to a lien in the nature of an equitable mortgage on the part not owned by him for the amount necessarily paid to redeem, if the whole of the original lien, as to him, was equitably chargeable to that part of the tract; otherwise, for an equitable pro rata share of the amount he was compelled to pay for the protection of his own estate. Buettel v. Harmount, 46 Minn. 481, 49 N. W. 250; Clark v. Butts, 78 Minn. 373, 81 N. W. 11; Kopp v. Thele, 104 Minn. 267, 116 N. W. 472, 17 L.R.A.(N.S.) 981.

This difference, in the effect of a redemption by an owner of a part of an entire tract, or of some interest therein, and one by a creditor having a lien on such part, results from the statute (R. L. 1905, §§ 4480–4484), and is based upon the plainest principles of equity. The owner or his assign is given the right to redeem within twelve months after the sale, and such redemption annuls the sale, leaving the rights of creditors having subsequent liens precisely as if the prior mortgage or judgment, to secure payment of which the sale was made, had been paid before the sale; hence it is not necessary to give such creditors a right to redeem until the right of the owner or his assign has expired. Therefore a creditor having a lien cannot redeem until the time given to the owner has expired. Sprague v. Martin, 29 Minn. 226, 230, 13 N. W. 34; Cuilerier v. Brunelle, 37 Minn. 71, 33 N. W. 123.

In case neither the owner nor his assign redeems within the twelve months, then, as to them, the purchaser at the sale becomes the owner of the land; but as to creditors having a lien the statute recognizes their equity in the premises, and gives them the right to redeem, regulates the exercise of the right, and declares a redemption by them, of which a certificate of redemption is the evidence, shall operate as an assignment of the right acquired under the sale. This right of lien creditors is a valuable right, and, when once vested, cannot be taken away or impaired by the owner or his assign, nor by statute. O'Brien v. Krenz, supra.

If an owner might redeem, as such, within the time allowed to him, and be subrogated to all the rights of the purchaser, it might seriously impair, if not defeat, the lien creditors' rights. Now, when Carroll and Dodson redeemed, they were not creditors having a lien, but were owners of the forty acres, and they redeemed as such. The effect of this redemption was to annul the sale, and thereafter there was neither necessity nor right of any lien creditor to redeem, for his lien was preserved by the annulment of the sale. It follows that the redemption by Carroll and Dodson did not operate as an assignment to them of all rights acquired by the purchaser at the execution sale, nor to subrogate them to all such rights. But, having been compelled to redeem the entire tract in order to protect their title to the forty acres, they acquired a lien, as of the date of the docketing of the White judgment, in the nature of an equitable mortgage, which may be foreclosed in a proper action, and the two hundred acres they did not own be sold to pay the full amount required to redeem. It is true that the original judgment was a lien on the entire tract; but Carroll and Dodson's grantor acquired title to the forty acres, and his deed was duly recorded before any of the other judgments were docketed, and the liens thereof are subject to the equities of Carroll and Dodson. If, then, the two hundred acres had been sold separately on the execution sale for a sufficient sum to pay the amount of the White judgment and costs of sale, their forty acres would have been freed from the lien of the judgment. So, on the foreclosure of their equitable lien, they or their assigns are entitled to have the two hundred acres first sold to pay the lien. In case enough is not realized to pay it in full, there would be nothing gained in selling their own land to pay the deficiency. Therefore they may enforce their lien against the two hundred acres alone.

We accordingly hold that the plaintiffs were not entitled to redeem the two hundred acres from Carroll and Dodson, and that they are not the owners thereof. The plaintiffs, however, urge in effect that in any event they are the equitable owners of the lien of Carroll and Dodson, for the reason that they accepted and retained the redemption money, and, further, that the trial court may in this

action determine the amounts of the respective liens, and provide for the sale of the two hundred acres for the payment thereof in the order of their priority. We are of the opinion that the plaintiffs are the equitable owners of the Carroll and Dodson lien, and may enforce it, and that the course suggested might have been taken in this action, as the defendant Bunnell prayed. Finnegan v. Effertz, 90 Minn. 114, 95 N. W. 762.

The plaintiffs, however, stood upon their claim of absolute ownership of the land, and called upon the trial court to determine the validity of such claim. The trial court complied, and directed judgment to the effect that they were not entitled to the specific relief demanded. The judgment then determines only that they are not the owners of the land, and does not affect the validity of any liens they, or any of the defendants, may have.

The defendant Bunnell is not here complaining because the trial court did not grant the affirmative relief he asked, and it follows that the judgment as to the plaintiffs is legally correct and must be affirmed.

So ordered.