RALPH L. KIRSCH AND ANOTHER v. SCANDIA AMERICAN BANK, CROOKSTON.[1]

July 25, 1924.

No. 24,086.

**Equitable mortgage obtained by one cotenant's redemption from foreclosure superior to other cotenant's earlier mortgage.**

1. The plaintiff Ralph L. Kirsch and the defendant McGregor owned a tract of land as tenants in common. They gave a mortgage to the defendant Scandia bank. Afterwards McGregor gave a mortgage upon his undivided one-half to the same bank. The plaintiff paid one-half of the Scandia mortgage first mentioned. Afterwards it was foreclosed. Within the year of redemption the plaintiff redeemed as part owner. By his redemption he obtained an equitable mortgage upon the undivided one-half interest of McGregor for the amount which he paid in redemption and such mortgage is prior to the mortgage by McGregor of his undivided one-half to the Scandia bank.

**Redemptioner entitled to contribution for taxes and necessary improvements.**

2. After the plaintiff redeemed he paid taxes on the land, interest on a first mortgage prior to the Scandia mortgages, and expended money for necessary improvements. He was in possession, managed

[1]Reported in 199 N. W. 881.

the farm, and received the rents and profits which were in excess of the cost of improvements and taxes. It is *held* that in this action for partition he is entitled to contribution for taxes and interest and money paid for necessary improvements, but must apply profits made, and for the balance he may have contribution prior to the McGregor mortgage of an undivided half to the Scandia bank.

Action in the district court for Polk county for partition. The case was tried before Watts, J., who made findings of fact and conclusions as stated in the opinion. Defendant bank's motion for amended conclusions of law was denied. From the judgment, plaintiffs and defendant Scandia American Bank appealed. Affirmed on defendant's appeal; modified on plaintiffs' appeal.

*A. A. Miller & L. S. Miller,* for defendant bank.

*Grady & Fosmark,* for plaintiffs.

DIBELL, J.

This is an action by the plaintiff Ralph L. Kirsch and wife against the defendant McGregor and others for a partition of a half section of land in Polk county owned by them as tenants in common. Judgment was entered adjudging the sale of the land and the distribution of the proceeds. The defendant McGregor did not appear. He is insolvent. The controversy is between Kirsch and the Scandia American Bank of Crookston, both of whom appeal, over the distribution of the proceeds of the sale. The evidence is not returned. The facts as found, which are to be taken as a verity, may be summarized as follows:

(1) On March 3, 1920, Kirsch and McGregor, to procure the money with which to purchase the land, made a mortgage of $8,000 to the Minnesota Loan & Trust Company.

(2) At the same time they made to the Strander Abstract and Investment Company a commission mortgage of $399.56 upon which there is due $180.

(3) On May 12, 1920, they made to the Scandia American Bank of Crookston a mortgage for $6,000. This mortgage was given to obtain money to pay the balance of the purchase price.

(4)   Before the maturity of the $6,000 mortgage Kirsch paid one-half to the Scandia Bank.  McGregor paid nothing.  The Scandia Bank foreclosed and sold on January 30, 1922, and on August 14, 1922, Kirsch, as part owner, redeemed, paying $3,758.13.

(5)   On February 8, 1921, McGregor mortgaged to the Scandia Bank his one-half of the land for $5,000.  This mortgage has not been paid.

(6)   After the mortgage of McGregor to the Scandia bank Kirsch paid:

| | |
|---|---:|
| Taxes on the land . . . . . . . . . . | $  388.44 |
| Interest on Minnesota Loan & Trust Company mortgage . . . . . . . . . . . | 1,120.00 |
| Total . . . . . . . . . . . | $1,508.44 |
| Necessary repairs on the land . . . . . | 842.00 |
| Total . . . . . . . . . . . | $2,350.44 |

(7)   During 1921 and 1922, which was after the McGregor mortgage, to the Scandia bank, Kirsch managed the farm and received as profits $54.28 for the first year and $1,316.27 for the second, a total of $1,370.55.

There is no dispute about the mortgage of the Minnesota Loan & Trust Company, or that of the Strander Company.  They are left as they are.  The judgment gives Kirsch an equitable mortgage or lien for $3,758.13 and interest, upon McGregor's one-half of the land, because of his redemption from the Scandia bank foreclosure of its $6,000 mortgage.  This lien is subsequent to the Minnesota and Strander mortgages but prior to McGregor's $5,000 mortgage of his one-half to the Scandia bank.

The plaintiff, by his appeal, claims that he should have in addition a lien on McGregor's one-half for one-half of taxes of $388.44, for interest on the Minnesota mortgage one-half of $1,120, and for repairs one-half of $842, all such liens to be prior to the Scandia bank mortgage.  None of these items were allowed him.

The Scandia bank contends that it was error to give Kirsch a lien or mortgage for $3,758.13 because of his redemption; and it contends that the plaintiff should have none of the other liens which he seeks by his appeal.

1. A tenant in common, who redeems the land from the fore-, closure sale of a mortgage resting upon the common interest, has an equitable lien or mortgage upon his cotenant's one-half for one-half of the amount paid in redemption. Buettel v. Harmount, 46 Minn. 481, 49 N. W. 250, is the leading case in Minnesota. Others holding or recognizing the principle are Fritz v. Ramspott, 76 Minn. 489, 79 N. W. 520; Clark v. Butts, 78 Minn. 373, 81 N. W. 11; Kopp v. Thele, 104 Minn. 267, 116 N. W. 472, 17 L. R. A. (N. S.) 981, 15 Ann. Cas. 313; Powers v. Sherry, 115 Minn. 290, 132 N. W. 210. The case at bar differs in its facts in that Kirsch before the foreclosure had paid one-half of the mortgage debt and the ground of the foreclosure was the failure to pay the other half which Mc-Gregor should have paid. The same principle of law applies. The foreclosure, if unredeemed, divested the whole title, that of Kirsch as well as that of McGregor. The payment by Kirsch of one-half of the mortgage debt did not clear his one-half of the mortgage lien. That result could be brought about only by agreement. The court was right in according the plaintiff a lien on McGregor's one-half for the amount which he paid in redemption but which Mc-Gregor should have paid and in making it prior to the lien of the $5,000 mortgage of McGregor's undivided one-half to the Scandia bank. Buettel v. Harmount, 46 Minn. 481, 49 N. W. 250.

2. The court refused to give the plaintiff a lien on McGregor's undivided one-half for one-half of the taxes and interest and repairs which he paid subsequent to the Scandia $5,000 mortgage. As between Kirsch and McGregor the former has a lien on the latter's interest for one-half of the taxes of $388.44 which he paid. Fritz v. Ramspott, 76 Minn. 489, 79 N. W. 520; 3 Dunnell, Minn. Dig. § 9604. He had a lien on McGregor's undivided half for one-half of the interest of $1,120 which he paid on the prior Minnesota company mortgage. Ellis v. Snyder, 83 Kan. 638, 112 Pac. 594, 32 L. R. A. (N. S.) 253; Gearhart v. Gearhart (Mo.) 213 S. W. 31;

Clute v. Clute, 197 N. Y. 439, 90 N. E. 988, 27 L. R. A. 146, 134 Am. St. 891; note 8 L. R. A. (N. S.) 559; 7 R. C. L. 824. He had a lien on McGregor's one-half for one-half of the necessary repairs of $842 put upon the land. Darling v. Harmon, 47 Minn. 166, 49 N. W. 686; 3 Dunnell, Minn. Dig. § 9604. The Scandia bank is not in the position of an innocent purchaser. Welch v. Ketchum, 48 Minn. 241, 51 N. W. 113. The plaintiff received as profits from the farm $1,370.55. The general rule is that each tenant in common has a right to occupy and there can be no recovery of rents and profits from one who occupies the whole property unless he has excluded his cotenant or agreed to share the profits with him. Sons v. Sons, 151 Minn. 360, 186 N. W. 811, and cases cited; G. S. 1913, § 8084; 3 Dunnell, Minn. Dig. § 9600. Here the plaintiff seeks a lien for taxes, interest paid, and necessary repairs.

The action of partition, though based on statute, is determined on equitable principles. Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735. Contribution is a creation of equity. The findings do not show under what arrangement the plaintiff was in possession. The finding is that the $842 was expended in making necessary "improvements upon said land;" that neither McGregor nor anyone for him "paid anything towards carrying on said farm, or toward paying taxes, interest or expenses of improvements thereon;" that the plaintiff "exclusively managed said farm owned by him and defendant;" and that "all other payments made in connection with the purchase and farming of said land than those above named" were paid by the plaintiff and defendant equally. Whatever the arrangement was the plaintiff was in possession receiving profits. He could not have sole possession and receive the profits without applying them so far as they would go in the payment of necessary improvements, taxes, and interest on the first mortgage, while asserting a right of contribution for such items. 7 R. C. L. 824, and cases cited; Victoria Copper Min. Co. v. Rich, 193 Fed. 314, 113 C. C. A. 238; Clute v. Clute, 197 N. Y. 439, 90 N. E. 988, 27 L. R. A. (N. S.) 146, 134 Am. St. 891; Porter v. Mooney, 64 Ind. App. 479, 116 N. E. 60; Gearhart v. Gearhart, (Mo.) 213 S. W. 31.

The Scandia bank, as a mortgagee, is not chargeable with the repairs made. Neither has it a right to the rents and profits from the land covered by its mortgage. A holding that it has such right evades the rule that until final foreclosure and the passing of the year of redemption the mortgagee has no right of possession. But the plaintiff has in his hands profits coming from the land and is asking that he be allowed to disregard them and enforce a lien for taxes and interest and necessary repairs. This should not be. He should apply his profits. The result is this: The plaintiff has a lien on McGregor's one-half for taxes and interest and repairs. From the total should be deducted his profits, and for one-half of the difference he has a lien on McGregor's half interest which should be given preference, along with his equitable mortgage on McGregor's one-half, in the distribution of the proceeds of the sale, over the Scandia mortgage. A new trial is unnecessary. On the appeal of the plaintiff the judgment will be modified in accordance with this opinion.

The judgment is affirmed on the appeal of the Scandia bank and modified on the appeal of the plaintiff.

Affirmed in part and modified in part.