PAULINE THIELEN v. D. G. STRONG.[1]

October 23, 1931.

No. 28,642.

[1]Reported in 238 N. W. 678.

John G. Priebe, for appellant.

Bleecker & Babcock, for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying her motion for a new trial.

Peter C. Thielen, a widower, owned certain real estate. He gave a mortgage thereon to the Turners Building Association. Thereafter he married plaintiff. He died December 2, 1926. The real estate so owned and mortgaged was decreed to Grover Thielen and Vera Safro, children of decedent by a former marriage, subject to the life estate therein of his widow, the plaintiff.

About three years after the death of Peter C. Thielen there was a default in the terms of the mortgage, and on September 4, 1929, the premises were sold on mortgage foreclosure sale to the mortgagee. No redemption was made on or prior to September 4, 1930.

On September 3, 1930, a judgment was docketed against plaintiff in favor of Louis F. Gorney, who on the same day filed a notice of intention to redeem as a creditor holding a lien by virtue of such judgment. On September 5, 1930, Gorney in form redeemed and received and recorded the usual sheriff's certificate of redemption.

On September 4, 1930, said Grover Thielen gave a $10 mortgage to defendant upon his one-half undivided interest in the mortgaged premises, subject to the life estate of his stepmother and subject to said original mortgage. On the same day this mortgage with defendant's notice of intention to redeem were duly recorded. On September 9, 1930, defendant paid to the sheriff the amount re-

quired by law to redeem from the mortgage foreclosure sale, including the amount of the judgment lien of Louis F. Gorney. The usual sheriff's certificate of redemption was received and recorded.

Plaintiff brought this action to quiet title to her life estate as against defendant, who in her answer sought an accounting for rents and the possession of the premises.

During the year allowed by statute for redemption by the owner, the life tenant and the remaindermen or either of them could have redeemed. No such redemption was made by the expiration of the year for redemption; and, no redemption having been made, the estates of both the life tenant and the remaindermen were wholly extinguished. Title passed to the holder of the sheriff's certificate, subject only to the statutory rights of junior lienholders who had filed notice of intention to redeem.

Defendant was a creditor, not of the original mortgagor but of a subsequent owner. The statute in relation to him as to the right to redeem has in view the party's relation and interest in respect to the land and not in respect to the original mortgagor or to any particular person. Defendant was a person within the statute who was authorized to redeem. Hospes v. Sanborn, 28 Minn. 48, 8 N. W. 905. She had the right to redeem. The fact that her lien was but upon a fractional interest in the real estate does not prevent the redemption. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6410; Powers v. Sherry, 115 Minn. 290, 132 N. W. 210.

Evidently the premises were the homestead of plaintiff, and we need not consider whether Louis F. Gorney acquired a lien thereon. The fact is that plaintiff, having lost her estate in the premises, is not in a position to question the right of redemption of one in defendant's position. Johnson v. Melges, 163 Minn. 315, 203 N. W. 983. In any event, the redemption as made operated as an assignment of the title vested in the original mortgagee on the expiration of the year for redemption, and this title is now vested in the defendant.

Affirmed.