# JOSEPH B. SLAGLE v. HAZEL G. SLAGLE AND ANOTHER.[1]

August 12, 1932.

No. 28,911.

[1]Reported in 244 N. W. 79.

*Mead & Bryngelson,* for appellants.
*Russell C. Rosenquest,* for respondent.

DIBELL, J.

Action to have a redemption from the foreclosure of a mortgage executed by Joseph B. Slagle and Hazel G. Slagle, husband and wife, the redemption being made by the defendant Evans as a judgment creditor of Mrs. Slagle, adjudged to be for the use and benefit of the plaintiff and the defendant Hazel G. Slagle, who were the owners in common of the property mortgaged, at the time the mortgage was made, and that Evans holds the legal title in trust for them; and for the appointment of a receiver, and other relief. There were findings for the plaintiff, and the defendants appeal from an order denying their motion for a new trial.

On June 12, 1923, the plaintiff, Joseph B. Slagle, and defendant Hazel G. Slagle were husband and wife and the owners of two adjoining lots in Minneapolis on which were two buildings having apartments and rooms which they rented. They occupied an apartment in the property. On that day they mortgaged the lots to secure $4,000. As early as September 11, 1928, this being the date when Mrs. Slagle obtained possession and the rental income as the result of a divorce suit which she had commenced, the mortgage had been reduced to $3,000 and the time for payment extended to June 12, 1929, and there were no delinquent taxes or assessments, all insurance premiums were paid, there was no default, and there was no ground for immediate foreclosure. Afterwards there was a default, and the mortgage was foreclosed under the power and the foreclosure sale was had on February 11, 1929. The property was worth $12,000. The amount required to redeem within the year was slightly over $3,500.

The defendant Hazel G. Slagle commenced three actions for divorce against the plaintiff. The first, commenced on July 24,

1928, was dismissed by her prior to the trial. In the second action she prevailed. Upon her motion, made because of her dissatisfaction with the property allowance or division, she obtained a new trial. On the second trial she failed to get a divorce. She dismissed her third action just before it was called for trial.

On February 6, 1930, when the second trial of the second action was in progress and five days prior to the expiration of the owner's period of redemption, she confessed judgment for the sum of $700 in favor of the defendant A. D. Evans, who was one of her attorneys in the action, for legal services rendered, and it was docketed on that day. Prior to that she had paid him $280, and he had paid half of it to attorneys associated with him. The court finds the value of his services rendered to be $250. Evans on February 10, 1930, filed notice of his intention to redeem as a creditor having a lien. He redeemed within the five days allowed by the statute and received from the sheriff a certificate of redemption on February 14, 1930. The record title now stands in his name.

The court found that by redeeming Evans acquired title as trustee for the plaintiff and defendant, the Slagles, and that he holds the property as trustee but charged in his favor with $3,540.11, which he paid in redemption. He was charged as a trustee because of his participation in a wrong upon the plaintiff as owner of one-half of the mortgaged property.

The question as stated by the trial court in its memorandum is whether a wife, a co-owner with her husband of mortgaged real property, may neglect to make a redemption from a foreclosure sale which would have inured to the benefit of her husband, it appearing that she was in possession, receiving the rents which were sufficient to pay the interest and all other charges and a sufficient allowance for herself, confess judgment in favor of her own attorney and permit him to redeem as a creditor having a lien, pursuant to an agreement made with him, while the cotenancy existed, that such redemption would be for her benefit and that later, on obtaining proper security from her, he would deed to her, and thus eliminate, as was the purpose of herself and her attorney, the title of her hus-

4

band. The court found that such was the purpose of the confession of judgment and the redemption and that under the circumstances stated it could not be accomplished. It found specifically:

"That the apartment buildings erected on said property contain a number of apartments, and that at and during all the times herein mentioned, said apartments, with the exception of the one occupied by plaintiff and his said wife as their home, were leased to various tenants. That all of said apartments were suitably furnished for housekeeping purposes with furniture owned by and belonging to the plaintiff. That ever since the date of said court order of September 11, 1928, the defendant Hazel G. Slagle has had the exclusive possession, management and control of said property and has collected and received the entire income therefrom, and has continued to occupy one of the apartments therein as her home. That during the period from September 11, 1928, to February 11, 1930, the gross income from said property by way of rents collected by the defendant Hazel G. Slagle from various tenants occupying said apartments amounted to approximately Two Hundred Fifty Dollars ($250.00) each month. That during said period from September 11, 1928, to February 11, 1930, the defendant Hazel G. Slagle wholly failed and refused to pay any interest on said mortgage on said property as the same became due, and wholly failed and refused to pay any taxes on said property as the same became due and payable, and wholly failed and refused to pay premiums on the insurance carried on said property as such premiums became due. That by reason thereof, said mortgage was foreclosed and the said property was sold at mortgage foreclosure sale on February 11, 1929. That during the entire time of the period for redemption from said mortgage foreclosure sale, the defendant Hazel G. Slagle remained in full and exclusive possession of said property under and pursuant to said court order and collected all the rents from said property and wholly failed and refused to pay anything on account of said mortgage interest, taxes or insurance premiums. That during the period from September 11, 1928, to February 11, 1930, the said income from said property, after deducting all expenses for the up-

keep and repair thereof, and after deducting a reasonable allowance for the support and maintenance of the defendant Hazel G. Slagle, was sufficiently large to have permitted the payment of said mortgage interest, taxes and insurance premiums."

Under our law either Mr. Slagle or Mrs. Slagle or both could have redeemed as owner within a year after the sale. G. S. 1923 (2 Mason, 1927) § 9626. And such a redemption would have annulled the sale. § 9630. If the redemption is made by one of two cotenants, both have title as tenants in common; but if one cotenant and not the other redeems, the redemptioner has a lien or equitable mortgage for one-half of what he paid in redemption upon the undivided one-half interest of his cotenant. Buettel v. Harmount, 46 Minn. 481, 49 N. W. 250; Fritz v. Ramspott, 76 Minn. 489, 79 N. W. 520; Clarke v. Butts, 78 Minn. 373, 81 N. W. 11; Kopp v. Thele, 104 Minn. 267, 116 N. W. 472, 17 L.R.A.(N.S.) 981, 15 Ann. Cas. 313; Powers v. Sherry, 115 Minn. 290, 132 N. W. 210; Kirsch v. Scandia Am. Bank, 160 Minn. 269, 199 N. W. 881. A creditor having a lien upon all or an undivided part of the mortgaged property, there being no redemption within a year by one entitled, may redeem within five days after the year. G. S. 1923 (2 Mason, 1927) § 9627; and such redemption operates as an assignment to him of the right acquired by the purchaser at the foreclosure sale. G. S. 1923 (2 Mason, 1927) § 9630. And a redemptioner by virtue of a lien upon an undivided part gets title to the whole. Powers v. Sherry, 115 Minn. 290, 132 N. W. 210.

There is a fiduciary relation between cotenants. Oliver v. Hedderly, 32 Minn. 455, 21 N. W. 478; Hoyt v. Lightbody, 98 Minn. 189, 108 N. W. 843, 116 A. S. R. 358, 8 Ann. Cas. 984; Murray v. Murray, 159 Minn. 111, 198 N. W. 307; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 9598, 9607. Mrs. Slagle could not, while she and her husband occupied such relation, have bought a mortgage covering the whole interest and have enforced it so as to eliminate the title of her husband. See Smith v. Gerretson, 170 Minn. 268, 212 N. W. 453; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9607, and cases cited. What she did would be done as well for her cotenant's one-half as for her

interest. The result would be substantially the same as if she had redeemed within the year; that is, she would not get complete title as against her cotenant but could enforce a lien for the amount he should contribute to pay his one-half.

By confessing judgment before the passing of the year Mrs. Slagle initiated an arrangement whereby, on the face of the record, title passed to Evans, her husband's title was gone, and afterwards, by the agreement with her attorney, she was to have it. The finding of the court, sustained by the evidence, is that with sufficient money coming from the property to pay all charges and make a foreclosure impossible she invited one, her attorney participating; and that their mutual purpose was to deprive the husband of his one-half. It seemed to the court like a fraud and that the result sought should not be reached. It strikes men of general good conscience that something wrong was happening and that equity should give relief somehow; for it has been said that "the general conscience of the realm which is chancery" should order and guide at such times. The trial court gave Evans proper consideration when it protected him in the $3,500, which he chose to risk, by making it a first lien, at six per cent, upon a $12,000 property.

We have examined all the cases cited. We do not find in Fuller v. Dennistoun, 164 Minn. 160, 204 N. W. 958, the help for the defendants which they claim. This is one of many cases illustrating the right of one cotenant to buy an outstanding title or lien. See 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9607, and cases cited. Under the findings it is only of passing consequence. Neither does Thielen v. Strong, 184 Minn. 333, 238 N. W. 678, make for the defendants.

There is some discussion as to the effect of the homestead rights of the Slagles, one or both. It is not important on this appeal. Both parties concede that Evans got title by redemption, for the purchaser took the money. We do not consider any question in this connection relative to a homestead.

The findings definitely determine the rights of the parties in the right way. Taking them and the direction of judgment as guides,

the property can be saved to the parties except for the loss occasioned by the litigation. The case is properly ended.

Order affirmed.

