THERESA J. OLIVER *vs.* ALFRED H. HEDDERLY.

November 29, 1884.

Mortgage of Land held in Common—Agreement between one Cotenant and Mortgagee—Rights of other Cotenants.—Plaintiff and defendant and others were cotenants, by descent from the same ancestor, of certain real estate on which there was a mortgage. Defendant, without the consent of the others, agreed with the holder of the mortgage that the latter should foreclose, bid in the property, and, after the time to redeem should expire, should convey it to defendant on being paid the amount due on the mortgage and costs of foreclosure. This agreement was carried out. *Held*, that the other cotenants are entitled to share in the benefits of the transaction on making contribution to the expense.

Plaintiff brought this action in the district court for Hennepin county, praying that defendant be adjudged to hold in trust for plaintiff, and to convey to her in fee, as cotenant with himself, one undivided twentieth of certain described real estate in that county, subject only to the payment of her proportion of the sum justly due upon the redemption of a certain mortgage, which had been foreclosed by advertisement, and the land purchased at the mortgage sale by the mortgagee, under an agreement between the mortgagee and the defendant that the latter, after expiration of the year for redemption, might purchase the property for the amount of the mortgage debt, interest and costs, which agreement had been carried out, and the land conveyed in fee to defendant.

The action was tried by *Young, J.,* who found the facts as stated in the opinion, and ordered judgment for plaintiff. A new trial was refused, and the defendant appealed.

*Secombe & Sutherland,* for appellant.

*A. T. Ankeny* and *Benton & Roberts,* for respondent.

GILFILLAN, C. J. Edwin Hedderly was the owner of certain real estate in Minneapolis, subject to a mortgage for $6,000, and July 23, 1879, made an agreement in writing with defendant to convey to him an undivided half, subject to the mortgage, and to give him possession of the whole, the net income to be divided between them. Defendant has ever since been in possession, and received and appropriated to his own use the rents and profits. May 30, 1880, Edwin died intestate, leaving these parties and eight others his heirs. One of them, George W. Hedderly, was appointed administrator. Afterwards defendant instituted proceedings in the probate court to enforce specific performance of the father's agreement to convey, and the decree of the probate court adjudging specific performance was, on appeal to the district court, affirmed January 9, 1883. September 30, 1881, defendant entered into a written agreement with E. B. Alexander, who then held the mortgage for $6,000, by which the latter agreed at once to foreclose the mortgage, bid in the property himself, and, after the time to redeem expired, if the property was not redeemed, to convey it to defendant on being paid the amount then due on the mortgage. The mortgage was accordingly foreclosed, November 26, 1881, and the property conveyed March 9, 1883, by Alexander to defendant, the latter paying $7,819.83, the amount of the mortgage, with interest and costs.

At the time of the agreement with Alexander, defendant and the other heirs were cotenants of the land. Although the extent of his interest as such cotenant may have been disputed, his rights under his contract with the father being in controversy, there was no denial that he was a cotenant as a co-heir of the father. Cotenancy created by descent from a common ancestor does not come within any recognized exception to the rule that the relation is confidential in its nature, raising an obligation on the part of each cotenant to sustain, or at any rate not to assail, the common interest. This obligation disables each to buy in and secure to his own exclusive benefit, without the consent of the others, any outstanding incumbrance or adverse title. If he buy in such incumbrance or adverse title, the others are entitled to share in the benefit of the purchase, unless they in some way renounce, or unreasonably neglect to assert, their right in that

behalf.   Defendant's purchase from Alexander comes within this rule. It is no answer to this that, when the latter conveyed to him, the common title had been cut off, and the relation of cotenant had become extinct.   The contract for the purchase was made, and the right to the conveyance secured, when the relation existed, and the other cotenants were entitled to share in the benefits of the contract.   Had he paid the mortgage, or redeemed under the statute from the foreclosure, they would, of course, have had the benefit of the payment or redemption, upon making contribution according to their interest to the cost.   The contract with Alexander was, in substance and effect, an arrangement to extend the period for redemption, and, standing in the relation in which defendant did to the property and the other parties in interest, his paying the money and receiving the conveyance was in effect but a redemption.   To treat the foreclosure, which he stipulated for, as extinguishing his cotenant's rights, would be allowing him to evade by indirection and by his own contrivance the obligations which the law imposed on him as a cotenant.

Order affirmed.