## MARY BARTEAU vs. JOHN L. MERRIAM.

Submitted on briefs Jan. 5, 1893.　Decided Jan. 13, 1893.

**Mortgagee of an Undivided Part is not a Cotenant.**

> A mortgagee, though by deed absolute on its face, intended as security upon, and executed by the owner of, an undivided half of real estate, does not stand in any such relation to the owner of the other undivided half as disables him to buy in, hold, and enforce, for his own benefit an outstanding prior lien on the whole estate.

Appeal by plaintiff, Mary Barteau, from an order of the District Court of Ramsey County, *Brill*, J., made July 16, 1892, denying her motion for a new trial.

*M. R. Tyler*, for appellant.

If defendant acquired title to Barrett's half of the lot, either at the time of the execution and delivery of the deed, or afterwards by reason of Barrett's failure to pay within the time specified in the agreement to reconvey, then plaintiff and defendant were joint tenants or tenants in common of the lot, and the purchase by defendant of the Daly mortgage inured to the benefit of the plaintiff, and defendant's foreclosure and certificate would be for the benefit of both owners; and he could demand her contributory share of such purchase, and she, by paying such contributory share, had a right to an equal interest in such purchase, and in such certificate of sale. *Horton* v. *Maffitt*, 14 Minn. 289, (Gil. 216;) *Oliver* v. *Hedderly*, 32 Minn. 455; *Holterhoff* v. *Mead*, 36 Minn. 42.

The deed became as absolute in effect as it was in form if the re-

demption was not made within the time specified.  *Hoopes* v. *Bailey*, 28 Miss. 328.

Whether plaintiff and defendant were tenants in common in said lot or not, they had such community of interest in it, that whatever was done by one to protect that interest and remove any prior incumbrance which was a common burden upon the interest of both in the premises, inured to the benefit of the other, on a proportionate contribution by that other.

*Otis & Godfrey*, for respondent.

The defendant, if owner, stands in two different relations to the property; as owner of a part, and as mortgagee of the whole.  As such mortgagee of the entire property he has the right to insist, even as against a co-tenant, upon the payment of the entire mortgage, and is not bound to receive a part of the mortgage debt.  2 Jones, Mortg. § 1063; *Crafts* v. *Crafts*, 13 Gray, 360; *Blodgett* v. *Hildreth*, 8 Allen, 186; *Lyon* v. *Robbins*, 45 Conn. 513.

A mortgagee cannot be compelled to divide his debt and security. He holds the entire estate in pledge until he receives payment of the entire debt.  The mortgage is to redeemed as an entirety, or not at all.  *Buettel* v. *Harmount*, 46 Minn. 481; *Rowell* v. *Jewett*, 73 Me. 365; *Raynor* v. *Selmes*, 52 N. Y. 579; *Hubbard* v. *Ascutney Mill Dam Co.*, 20 Vt. 405; *Meacham* v. *Steele*, 93 Ill. 135; *Gliddon* v. *Andrews*, 14 Ala. 733.

GILFILLAN, C. J.  July 14, 1887, one Barrett, the owner of a lot, executed a mortgage on it to one Daley.  July 15th Barrett conveyed to plaintiff an undivided half of the lot, subject to Daley's mortgage, and on the same day executed to defendant a deed absolute in terms of the other undivided half.  As found by the court below, this was executed to secure a loan of $3,500 by defendant to Barrett, and at the same time defendant executed to him a contract under seal, agreeing to reconvey to him, on being paid, six months from the date, the $3,500, and interest.  December 4, 1889, Daley assigned his mortgage to defendant, and the latter, February 4, 1890, foreclosed it under the power of sale, and himself became the pur-

chaser. The absolute deed to defendant was recorded July, 1887, and the contract to reconvey was recorded January 26, 1889. February 4, 1891, the plaintiff, then knowing the nature of the transaction between Barrett and defendant, offered to redeem from the latter by tendering him one half the amount of the price at which he purchased at the foreclosure, with interest on that half, and, he having refused the tender, she brings this suit for partition.

The deed from Barrett to defendant, being only a mortgage, did not create between the latter and plaintiff the relation of joint tenants or tenants in common, or any relation out of which could grow any of the duties or disabilities which attach to cotenancy. He was therefore as much at liberty as any stranger to buy in, hold, and enforce any outstanding lien.

Order affirmed.

(Opinion published 53 N. W. Rep. 1061.)