WELBON *v.* WELBON.

1. Mortgage—Foreclosure—Decree for Deficiency.
   A decree for a deficiency on the foreclosure of a mort-
   gage, against one not personally liable for the payment of the
   mortgage debt, is erroneous.

2. Same—Interest—Tenant for Life.
   A grantor of property incumbered by a mortgage, who
   reserves a life estate therein in himself, is bound, as between
   himself and the grantee, to pay the interest on the mortgage
   during the existence of the life estate.

3. Same—Deed—Covenants of Warranty.
   A grantor in a deed covenanted that the premises conveyed
   were free from all incumbrances whatever, except a specified
   mortgage, and that he would warrant and defend the same
   against all lawful claims whatsoever. *Held*, that the previous
   mention of the existence of the mortgage did not take it out
   of the general covenant of warranty.

Appeal from Washtenaw; Kinne, J. Submitted April
24, 1896. Decided May 19, 1896.

Bill by Isaac Welbon against Mary Jane Welbon and
others to foreclose a mortgage. From a decree for com-
plainant, defendants appeal. Reversed.

The object of this suit is to foreclose a mortgage exe-
cuted by the complainant to one Joseph M. Thompson.
The material facts are these: Complainant was the hus-
band of defendant Mary Jane, and the father of the other
defendants. Mr. and Mrs. Welbon became involved in
trouble, resulting in her filing a bill of divorce against
him. This trouble was then finally arranged, and re-
sulted in complainant's executing a deed of this land to
his children, who were then minors. The land was a
farm, and the family moved and lived upon it for a while.
Previous to the execution of this deed, complainant had

executed this mortgage for the sum of $200. His wife did not join in the mortgage. It is claimed that the family did not know of the mortgage until some years afterwards. Mr. and Mrs. Welbon again became estranged. She left him, and, with the children, went to Detroit. She again filed a bill of divorce against him, and obtained a decree. In 1885 complainant paid Mr. Thompson the amount of the mortgage debt, and the mortgage was returned to him. Shortly after, Mr. Welbon presented a paper for Mr. Thompson's signature, saying that he wanted something to show that the mortgage was paid. Mr. Thompson executed the paper, which was an assignment, instead of a discharge. Decree for the full amount and interest was entered.

*John P. Kirk*, for complainant.

*John H. Powell*, for defendants.

GRANT, J. (*after stating the facts*). The decree, we think, cannot be sustained for several reasons:

1. The defendants were not personally liable for the debt secured by the mortgage. It was therefore erroneous to enter a decree against them for any deficiency. Complainant alone was personally liable for the debt, and had paid it.

2. In the deed to his children complainant reserved a life estate in himself. It was his legal obligation to pay the interest upon the mortgage during the existence of the life estate. The decree was erroneous in including interest.

3. The deed contains the following covenant:

"The said party of the first part, for himself, his heirs, executors, and administrators, does covenant, grant, bargain, and agree to and with the said parties of the second part, their heirs and assigns, that at the time of the ensealing and delivery of these presents he is well seized of the above granted premises in fee simple; that they are free from all incumbrances whatever, except a certain

mortgage given by him to Joseph M. Thompson, dated October 1, 1883; and that he will, and that his heirs, executors, and administrators shall, warrant and defend the same against all lawful claims whatsoever."

The covenant of warranty contains no exception, and the previous mention of the existence of this incumbrance does not take it out of his covenant of warranty to defend the title against all lawful claims whatsoever. In other words, there is no limitation placed upon this covenant. *Sandwich Manfg. Co.* v. *Zellmer*, 48 Minn. 408.

The decree must be reversed, with costs of both courts, and the bill dismissed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.