## CHARLES KREUSCHER AND OTHERS v. CHARLES H. ROTH AND OTHERS.[1]

June 9, 1922.

No. 22,628.

**Contract for purchase of whole estate by life tenant not an equitable mortgage.**

1. A transaction whereby a life tenant took a contract of purchase from the purchaser at a foreclosure sale of the whole estate did not, under the findings of the court, sustained by the evidence, constitute an equitable mortgage.

**Life tenant cannot by his default acquire title as against the remainderman.**

2. A life tenant is under obligation to the remainderman to pay interest on a mortgage, though not the principal, and taxes on the mortgaged property; and he cannot acquire title through a foreclosure of the mortgage because of his default in prejudice of the title of the remainderman.

**Remaindermen could not claim right to title under life tenant's contract.**

3. Where the life tenant arranged with a third person, prior to the expiration of the time of redemption, that the latter purchase the interest acquired by the purchaser at a foreclosure sale and sell to him, the contract of sale providing that if he should not make his payments prior to death he should have no interest in the property and his payments should be forfeited, the remaindermen, who took no part in saving the property could not, upon the life tenant's death, assert a right to his title acquired from the purchaser at the foreclosure sale, but such interest was forfeited in accordance with the terms of the contract.

[1]Reported in 188 N. W. 996.

Action in the district court for Ramsey county to have plaintiffs declared the owners and entitled to immediate possession of certain property and that except a mortgage for $1,300 defendants had no interest therein. The demurrer of plaintiffs Peyer to the answer of defendant Roth was overruled, Dickson, J. The case was tried before Haupt J., who made findings and ordered judgment in favor of Charles H. Roth. Plaintiffs' motion for amended findings was granted in part and denied in part and their motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*George L. Siegel* and *L. B. Schwartz*, for appellants.

*Guy W. Kimball* and *Bishop H. Schriber*, for respondent.

DIBELL, J.

This is an action in equity to have the plaintiffs adjudged the owners of certain property in St. Paul, subject to an equitable mortgage in favor of the defendant Charles H. Roth. The plaintiffs appeal from a judgment that they have no interest and that the defendant Roth is the owner.

The property was at one time owned by Rose Kreuscher, the mother of the plaintiffs, then a widow. Afterwards she married Emil J. Peyer. The property was their homestead. On February 1, 1914, they made a mortgage upon it. Mrs. Peyer died intestate on March 31, 1918. The plaintiffs and Peyer were her only heirs. Peyer took a life estate in the homestead and the plaintiffs an estate in remainder.

Interest and taxes were not paid and the mortgage was foreclosed and the property bid in by the mortgagee on January 13, 1919, for $1,725.65. On September 29, 1919, which was before the passing of the redemption period, Roth entered into a contract with Peyer to sell him the property for $1,821 in monthly instalments of $20, with the privilege of paying any amount he chose on any monthly due date. On October 7, 1919, Roth took an assignment of the sheriff's certificate from the purchaser at the sale. The amount he was to get from Peyer was the amount he paid for the assignment of the certificate.

The plaintiff's claims are:

(1) That the transaction constituted an equitable mortgage and that Roth holds the property as mortgagee.

(2) That, if the transaction did not give rise to an equitable mortgage, Peyer's position as life tenant was such that he could not acquire title through the mortgage in prejudice of the estate of the remaindermen.

(3) That under the contract between Roth and Peyer, conceding that there was not an equitable mortgage, the plaintiffs are entitled, because of the relationship of remaindermen and life tenant between them and Peyer, to the property subject to an equitable mortgage in favor of Roth for the amount unpaid on the contract of sale.

1. The court found that the transaction did not constitute a mortgage. There is nothing in the evidence requiring a different finding. There was testimony that Roth refused to make a loan and would do nothing unless he got the precise contract which he did get. The parties might have made a contract that the title stand in Roth as security; or they could agree, as the court found that they did, that Roth should acquire title and Peyer should take a contract of purchase. Banning v. Sabin, 51 Minn. 129, 53 N. W. 1, and King v. McCarthy, 50 Minn. 222, 52 N. W. 648, relied upon by the plaintiffs, holding particular transactions equitable mortgages, do not control under the facts found.

2. It was for Peyer, as life tenant to pay interest and taxes. He could not acquire a title as against the remaindermen based on his default. On the other hand, as between him and them, he was not bound to pay the principal. If he redeemed, the remaindermen were chargeable with a lien for so much as they should have paid. If he acquired title through the mortgage he held it subject to the rights of the remaindermen; and they, upon asserting their title, were chargeable with such amount as they should have paid in discharging the principal of the mortgage. These principles are elementary. Whitney v. Salter, 36 Minn. 103, 30 N. W. 755, 1 Am. St. 656; Upton v. Merriman, 116 Minn. 358, 133 N. W. 977, Ann. Cas. 1913B, 491; Bowen v. Brogan, 119 Mich. 218, 77 N. W. 942, 75 Am. St. 387; Plympton v. Boston Dispensary, 106 Mass. 544; Welbon v. Welbon,

109 Mich. 356, 67 N. W. 338; Ivory v. Klein, 54 N. J. Eq. 379, 35 Atl. 346; Tindall v. Peterson, 71 Neb. 160, 98 N. W. 688, 99 N. W. 659, 8 Ann. Cas. 721; 1 Tiffany, Real Prop. 85; 16 Cyc. 634; 17 R. C. L. 639.

3. Peyer did not get a title through the mortgage foreclosure to which the plaintiffs can lay claim subject to the $1,300 due Peyer, which the plaintiffs concede is in equity a lien prior to their claim of title. The property would not carry a mortgage loan of more than $1,500. There was a second mortgage of a few hundred. Peyer had no credit. He was 67 or 68 years old, without property, and had been an object of private and public charity. Had the property been of sufficient value he would have been unable to get a mortgage loan, for he could pledge nothing but his life estate. The finding of the trial court is that the plaintiffs would not help. It is entirely clear that they were indifferent, did nothing, and that Peyer and they were not on intimate terms. Roth would not take a mortgage. He would help Peyer only upon the condition that the title which he contracted to convey to him should fail and all sums paid be forfeited if payment in full were not made prior to Peyer's death. The substantial effect of the contract was to put in Peyer the equitable title, which was the right to call in the legal title upon full payment, with the legal title in Roth, Peyer's equitable title being subject to being defeated in the contingency provided.

So far as concerns the remaindermen we see no reason why this contract should not be given effect. They could have redeemed if they had chosen. Their redemption would have redeemed Peyer's life estate, but they would have had an equitable mortgage or lien upon his interest for the proportion which he should have paid. Peyer did not acquire the legal title under his contract. Had he lived and the prosperity which overtook him in the latter part of 1919, and was with him for a few months prior to his death, in which time he paid $500 on the property, continued, he would soon have acquired the legal title. It may be conceded, so far as concerns this case, that if this had occurred the plaintiffs would have been entitled to their estate in remainder subject to his life estate

and any overpayment made by him; and it may be conceded that at any time after the period of redemption, and prior to Peyer's death, the plaintiffs might have paid the amount due Roth, and then have been entitled to a decree protecting their remainder. No such thing occurred. This is not a case of an ordinary contract of sale. Peyer was trying to have his home, the remaindermen took no interest and did not help, and Roth, so far as concerns the remaindermen, was entitled to enforce according to its terms the contract which he made. We are not committed to a holding that a like provision for the termination of the vendee's interest would be given effect in the common contract of sale.

In the view of the court the plaintiffs are not entitled to any relief and the judgment was right. The writer's view, while in accord with what is said in paragraphs 1 and 2, is that the vendor in a contract of sale is so much in the position of a mortgagee and the vendee so much in the position of a mortgagor that a provision in the contract that the vendee shall lose his estate upon his death if the contract is not then performed should be disregarded on the same principle that a provision in a mortgage that the right of redemption if exercised at all must be exercised within the lifetime of the mortgagor is disregarded; that upon Peyer's death his equitable interest as vendee passed to his heirs; that the plaintiffs upon seasonable action taken and upon payment of their proper part of the mortgage were entitled to the protection of their estate in remainder; and that the interest of the heirs and the remaindermen could be terminated by the statutory strict foreclosure provided by G. S. 1913, § 8081, but not by a provision in the contract declaring a forfeiture in the event of the vendee's death.

Judgment affirmed.