## MABEL HALL v. D. A. HALL AND OTHERS.[1]

December 9, 1927.

No. 26,352.

**Effect of wrongful redemption from foreclosure of mechanic's lien.**

[1] A mechanic's lien, charged against both life estate and remainder, was foreclosed. Neither life tenant nor remaindermen redeemed, but two of the latter, having first participated in a transaction which wrongfully disabled the life tenant from redeeming, for the purpose of ousting her of her life estate gave a sham mortgage to a third person so as to enable him to redeem as a junior lienholder. That redemption *held* one by the remaindermen themselves as owners, and therefore as having the effect of annulling the foreclosure sale and reinstating the former estate, both for life and in remainder.

**Neither life tenant nor remainderman can acquire as against the other a title based on his own default.**

[2] Either life tenant or remainderman may buy in encumbrance or title paramount to interests of both, but neither can acquire and hold as against other title based on his own default.

Estates, 21 C. J. p. 997 n. 23 New.

Defendant Robert E. Hall appealed from an order of the district court for Hennepin county, Salmon, J. denying his motion for a new trial. Reversed with directions.

*S. S. Smith* and *John V. Beveridge,* for appellant.
*John A. Nordin,* for respondent.

STONE, J.

[1] This action concerns the same real estate involved in Rendahl v. Hall, 160 Minn. 502, 200 N. W. 744, 940, an action to foreclose a mechanic's lien. It was held there that both life estate and remainder were chargeable with the lien. The statement of facts in that case should be read in order to get the early history of the case. Conformably to that decision, the property was sold under

[1]Reported in 216 N. W. 798.

the judgment of foreclosure. The purchaser assigned his certificate of sale to S. W. Jaqua. Defendant D. A. Hall is one of the remaindermen and father of defendant Robert E. Hall who, except for his redemption now under discussion, had no interest in the property. Plaintiff as life tenant did not make redemption from the lien foreclosure. Neither did any of the remaindermen. Robert E. Hall did redeem as a mortgagee of D. A. Hall and Ethel Riewer, two of the remaindermen. The object of this action by Mabel Hall, the life tenant, is to annul that redemption and also to recover from the defendant certain moneys which she had paid under circumstances which will appear more in detail later. After findings and order for judgment in her favor, a part of the relief ordered being an annulment of the redemption by Robert E. Hall, he appeals.

The real estate is a Minneapolis residence property, which since the death of R. O. Hall, the former owner and husband of plaintiff, has been in the latter's possession. Under her husband's will, she took a life estate and D. A. Hall, Ethel Riewer and other of her husband's children by a former marriage had the remainder in fee. Plaintiff procured fire insurance, paying the premium herself but having the policy issued to the estate of her deceased husband. A fire occurred and the loss was adjusted and paid in the sum of $1,935.80. Plaintiff expended $1,222.71 in rebuilding the dwelling. This was before March 17, 1922. On that date D. A. Hall prevailed upon plaintiff to turn over to him, then representing the estate of the deceased husband, the unexpended balance of the insurance money, $713.09. She did so upon the representation and agreement that the estate of R. O. Hall, deceased, would do certain additional work then considered necessary to complete the rebuilding. That promise was not kept. None of the money so gotten from plaintiff, the life tenant, was used in rebuilding or repairs on the premises. Instead it was retained by D. A. Hall as the representative of the estate of R. O. Hall, deceased. Plaintiff was thereby disabled from making the additional improvement herself or paying for it when made. Rendahl did the work, with the resulting lien and foreclosure. The estate of R. O. Hall, deceased (D. A. Hall being sued in this action both in his representative and individual capacity) is

found to have been able not only to make the improvement in question, which its representative promised to do, but able also to make the redemption. The original amount of the Rendahl claim was $431.39, or considerably less than the insurance money with which plaintiff had parted. By reason of her having parted with that money and the failure of the representatives of her husband's estate to make the improvements, refund her money or apply it on the Rendahl claim, plaintiff has been disabled from paying the claim or making redemption herself. It is a fair implication from the findings not only that this was the result but also that it was intended by those who brought it about.

The next important finding is one which in substance is that defendant Robert E. Hall was not a bona fide creditor of his father but that he was given a sham note and mortgage for the purpose of making him a mortgagee so that he might redeem. That transaction was found not only to have been colorable and a matter of form only but also the result of a conspiracy to bring about a redemption which would save the property for the two remaindermen mentioned and exclude plaintiff, the life tenant.

Nothing more appearing, the disability of the remaindermen to acquire title adversely to the life tenant might have ended with the period of redemption and the failure of the life tenant to redeem. Fuller v. Dennistoun, 164 Minn. 160, 204 N. W. 958. But much more does appear, for as we construe the findings plaintiff was disabled from redeeming by the wrongful action of the remaindermen. The next step was the colorable transaction giving the redemptioner, Robert E. Hall, a right to redeem, apparently for himself but actually for two of the remaindermen themselves. It is found to have been the result of a conspiracy with just that as its purpose.

[2] Remaindermen cannot so far take advantage of their own wrong that they can first by wrongful act disable a life tenant from redeeming on her own behalf and then eliminate her by having a redemption made by one who apparently is a junior mortgagee but who in fact represents and redeems for the benefit of the remainder-

men.   Between the holders of estates for life and those in remainder there is a "community of interest" and a "community of duty" similar in source and results to those of cotenants, for a discussion of which see Fuller v. Dennistoun, 164 Minn. 160, 204 N. W. 958. Neither the tenant for life nor in remainder can acquire and hold as against the other a title based on his own default.   Kreuscher v. Roth, 152 Minn. 320, 188 N. W. 996.   Either may buy in an encumbrance or title paramount to the interests of both "but cannot hold it to the exclusion of the other, who is willing to contribute his share to the amount paid for the purchase."   23 R. C. L. 570.   Here plaintiff may be considered in equity as having contributed, in advance of the redemption, more than her share of the money for that purpose.   It would therefore be a denial of her plain equity and a reward of their own wrong if the real redemptioners, two of the remaindermen, were permitted, by their own redemption, to oust plaintiff of her life estate.   So plaintiff's cause of action is established.   The facts having been found in her favor upon sufficient evidence, judgment in her favor was properly ordered.

Of course D. A. Hall and Ethel Riewer had a legal right to mortgage their estates in remainder.   Equally clear is the right of Robert E. Hall, as mortgagee, to make the redemption.   And in such a case, the lienholder from whom redemption is made cannot question the procedure which produces his money—all he is entitled to.   Bovey DeLaittre Lbr. Co. v. Tucker, 48 Minn. 223, 50 N. W. 1038.   But it does not follow, and no case so holds, that remaindermen may disable or even hinder a life tenant from redeeming and then, taking advantage of their own wrong, redeem themselves, directly or indirectly through the medium of a sham creditor, without having the redemption considered one by owners rather than a creditor so as to annul the sale from which redemption is made.

It is not clear just how the redemption by Robert E. Hall was regarded below, except that it was considered as of no effect upon plaintiff's life estate.   But judgment was ordered "annulling and canceling said redemption"—that in spite of the absence, as a party to the action, of the assignee of the purchaser at the foreclosure sale. That was error.   There was a redemption by Robert E. Hall.   In

the light of the findings, it cannot be considered as one on his own behalf but rather on behalf of two of the remaindermen. That is, they (through Robert E. Hall) redeemed as owners, and thereby annulled the sale from which the redemption was made. Clark v. Butts, 78 Minn. 373, 81 N. W. 11. Judgment should be ordered accordingly. The result will be to reinstate both life estate and remainder.

There remains the matter of the accounting between life estate and remaindermen. The order for judgment as amended leaves that issue untouched. This family row between a stepmother and stepchildren should be ended. The remainder is getting the benefit of insurance procured by plaintiff, the life tenant. So she is entitled to credit for the premium she paid and the balance of the insurance money and should be charged with the sum required for the redemption. The proceeds of the fire insurance were paid to D. A. Hall for the purpose of finishing the improvement. They were not so used. They will be if applied to the redemption from the Rendahl lien. So plaintiff, in that event, cannot claim that her contribution to the redemption can be less than the whole sum required for that purpose. She voluntarily paid more than that for the work in question and is now entitled to credit for only so much of that payment as was not needed to accomplish its purpose. Counsel should be able to agree upon precisely what is necessary to bring the case speedily to final judgment.

The case is remanded for further proceedings not inconsistent with this opinion.